64548. GRAY v. THE STATE.

DEEN, Presiding Judge.

Charles C. Gray brings this appeal from his conviction of burglary following the denial of his motion for a new trial. (For the reversal of his previous conviction see *Gray v. State,* 158 Ga. App. 582 (281 SE2d 328) (1981)). The retrial resulted in his conviction only on the burglary charge; he was acquitted of attempted arson and appeals contending that the trial court erred in failing to charge the jury on theft by taking, absent a request for such a charge, since it was his sole defense on the trial of the case. *Held:*

Contrary to appellant's assertion, theft by taking was not appellant's sole defense at this trial. Mistake of fact was his sole defense in the prior trial of his case, it was also asserted at the retrial, and the court charged the jury accordingly.

The evidence showed that appellant was discovered by police officers inside a diner with the lights out during the early morning hours and had several packages of chewing gum and headache powders in his pockets. The owner of the diner testified that she did not know the defendant and that he did not have permission to be inside the building. He did not testify at trial and presented no witnesses on his own behalf.

We cannot agree with counsel that theft by taking constitutes an affirmative defense in a burglary action. Code Ann. § 26-1601 defines burglary as entering or remaining inside a building "without authority and with the intent to commit a felony or theft therein." See *High v. State,* 153 Ga. App. 729 (266 SE2d 364) (1980); *Murphy v. State,* 238 Ga. 725 (234 SE2d 911) (1977). (Intent, of course, is a jury question. Code Ann. § 26-605.) Therefore, only an authorized entry into the building would be an affirmative defense or, as pointed out in the prior opinion, mistake of fact.

While theft by taking could be considered to be a lesser included offense given the facts in this case, the defendant did not request such a charge and under the rules set forth in *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), the trial court did not err in failing to give such a charge. It is obvious that the defendant wished to take his chances with the jury on the burglary offense only and did not intend to submit a lesser included offense for their consideration. As the trial court charged his sole defense, mistake of fact, we find no error.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 13, 1982 —
REHEARING DENIED OCTOBER 4, 1982 — 

*Michael L. Murphy,* for appellant.
*William A. Foster III, District Attorney, Jeffrey P. Richards, Assistant District Attorney,* for appellee.