## 40347. DILLARD v. THE STATE.

WELTNER, Justice.

Dillard, a passenger in Langston's taxicab, shot and killed him with a handgun. Dillard then drove the cab a short distance and abandoned it. He was convicted for the murder and armed robbery of Langston, for which he was sentenced to imprisonment for life, and twenty years.

1. The indictment charged malice murder and armed robbery. The trial court instructed the jury on malice murder, felony murder, armed robbery and criminal attempt. The jury returned a verdict of guilty of "murder and armed robbery." The first term of the verdict must be construed as a determination of guilt as to felony murder, rather than malice murder.[1] *Burke v. State,* 248 Ga. 124 (1) (281 SE2d 607) (1981); *Dampier v. State,* 245 Ga. 427 (13) (265 SE2d 565) (1980). The state conceded in the trial court that it had failed to prove that any money was taken, as charged in the armed robbery count of the indictment. Wanting that essential element of proof, the conviction for armed robbery must be vacated. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781; 61 LE2d 560) (1979); *Conner v. State,* 251 Ga. 113 (303 SE2d 266) (1983); *Walker v. State,* 247 Ga. 746 (2) (280 SE2d 333) (1981).

2. It does not follow, however, that setting aside the armed robbery conviction vitiates the felony murder conviction, as the trial court instructed the jury as to the general definition of the offense of criminal attempt to commit armed robbery, and identified that offense as a felony. The armed robbery as charged in the indictment was not proved because there was no evidence that Langston had money in his cab or on his person, or that Dillard took any money. Armed robbery cannot, therefore, constitute the underlying felony which can sustain the conviction for felony murder. Notwithstanding

---

[1] The principal issue raised in this appeal would have been clarified by a requirement that the jury specify whether the verdict of guilty of murder related to malice murder or felony murder.

this determination, it is plain that the jury received evidence sufficient under the standard of Jackson v. Virginia, supra, to prove the felony of criminal attempt to commit armed robbery, which was established by Dillard's admission that he attempted to take whatever money Langston might have had on his person or in his vehicle. In returning the guilty verdict on the armed robbery count, the jury necessarily found all the elements of criminal attempt to commit armed robbery.

We have held repeatedly that it is not error for the trial court to charge the law relative to felony murder when the indictment alleges only malice murder. *Taylor v. State,* 245 Ga. 501 (2) (265 SE2d 803) (1980), and cases cited. However, when the indictment is for malice murder, it is reversible error to charge felony murder unless the jury is instructed also as to the essential elements of the underlying offense, which must be identified as a felony. *Leach v. State,* 234 Ga. 467 (2) (216 SE2d 326) (1975); *Edwards v. State,* 233 Ga. 625 (1) (212 SE2d 802) (1975).

The obverse of that proposition is this: a felony which is an included offense of another felony which is charged in an indictment may constitute the underlying felony upon which conviction of felony murder may be grounded, given adequate proof and correct jury instructions. Correct jury instructions must identify the included offense as a felony, and must specify its essential elements, as well as the elements of felony murder.

There was a sufficiency of evidence to establish criminal attempt to commit armed robbery. The court properly instructed the jury. Accordingly, the conviction of murder is affirmed.

3. Dillard contends that his statement was coerced, in that the arresting officers forcibly withdrew him from the attic where he was hiding, then threatened and abused him. The trial court heard evidence on the issue of voluntariness during a Jackson-Denno hearing, including testimony that Dillard's written statement was obtained under proper circumstances, and rejected his contentions. As these determinations are not shown to be clearly erroneous, *Cox v. State,* 248 Ga. 713 (1) (285 SE2d 687) (1982), this enumeration of error is without merit.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED JANUARY 5, 1984.

*Christine A. Van Dross,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Assistant District Attorneys, Michael J. Bowers, Attorney*

*General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.