75401. WILLIAMS v. THE STATE.
(365 SE2d 491)

BEASLEY, Judge.

Defendant appeals his conviction of aggravated assault with intent to rape. OCGA § 16-5-21 (a) (1).

1. Although his first enumeration of error appears to raise a different issue, defendant argues that the trial court's charge violated the principle in *Walker v. State*, 146 Ga. App. 237, 243 (2) (246 SE2d 206) (1978), which held erroneous an instruction to the jury that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method. Defendant asserts when the indictment sets forth that the offense was committed in more than one way, which is not the case here, the jury must be charged there can be no conviction unless the offense was committed in the manner alleged in the indictment. Defendant advances no basis for reversal. As in *Searcy v. State*, 168 Ga. App. 233, 234 (1) (308 SE2d 621) (1983), the trial court did follow that portion of the charge dealing with the offense with specific instructions that the jury would be authorized to convict only if it found beyond a reasonable doubt that the defendant was guilty of aggravated assault "as charged in the indictment." See *Lumpkin v. State*, 249 Ga. 834, 835 (2) (295 SE2d 86) (1982).

2. Defendant contends that it was error to fail to instruct the jury, without request, as to the lesser included offense of simple as-

sault since this amounted to defendant's sole defense.

The landmark Supreme Court decision of *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976), requires a criminal defendant to make a timely written request in order to later assign error on the failure to charge a lesser included offense not encompassed in an indictment. As was pointed out in the special concurrence to that opinion, this prevents "sandbagging" by defense counsel who seeks to obtain an acquittal and only after conviction becomes willing to settle for a conviction of a lesser offense. If it is genuinely contended that defendant may be found guilty of a lesser offense, it need only be requested.

Defendant did not submit a written request, and when objection was interposed after the submission of the charge no mention was made that this was defendant's sole defense. Under the circumstances, defendant's enumeration of error is without merit. See *Gray v. State*, 163 Ga. App. 720, 721 (294 SE2d 697) (1982).

3. There was evidence, although circumstantial insofar as intent is concerned, sufficient to establish that the defendant assaulted the victim with intent to commit rape; a rational trier of fact was authorized to find the defendant guilty of the crime charged beyond a reasonable doubt. See *Burnett v. State*, 137 Ga. App. 183, 184 (1 & 3) (223 SE2d 232) (1976). *Bissell v. State*, 153 Ga. App. 564 (266 SE2d 238) (1980) describes the essential elements of the offense.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 26, 1988.

*Raymond A. Majors, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney*, for appellee.