## A96A1370. DONALDSON v. THE STATE.
### (474 SE2d 722)

JOHNSON, Judge.

In a two-count indictment, David Earl Donaldson was charged with simple battery, committed by intentionally causing physical harm to a person over 65 years of age, and robbery. After being found guilty on both counts, Donaldson appeals, asserting only that there was insufficient evidence to support the robbery conviction. The simple battery, with special circumstances, conviction is affirmed.

Donaldson argues that by failing to prove that any money or property was taken, the state failed to establish an essential element of the offense of robbery as charged in the indictment. Therefore, he contends the denial of his motion for directed verdict and conviction was error. We are constrained to agree. Four witnesses testified for the prosecution. The first witness testified that he called the police when he saw Donaldson pulling Nora Barnette from the office of the motel she managed into the rear residential area. A police officer tes-

tified that when he arrived at the scene he heard Donaldson say "I know there's some f___ money in this house, and I want it." He saw that Barnette's face had been beaten, and her blouse had been ripped. The living quarters appeared to have been ransacked. A second police officer testified that during a strip search conducted at the jail, $62 and some change was found in Donaldson's underwear. Finally, Barnette's son testified briefly about his 79-year-old mother's injuries and the condition of her living quarters after the incident. The victim did not testify. The defense did not present any evidence.

No evidence was presented suggesting that anything was missing from either the motel office or Barnette's living quarters. Compare *Stowers v. State*, 205 Ga. App. 518 (422 SE2d 870) (1992). The fact that Donaldson was carrying $62 at the time of his arrest at the motel while clearly *attempting* to commit a robbery, a crime with which he was not charged, is at best circumstantial evidence that any money was taken from the premises. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Here, the jury was not authorized to extrapolate from the fact that Donaldson had money hidden in his underwear that the only reasonable inference permissible was that some money had been stolen from Barnette, and further, that the money Donaldson was carrying was that money. This is particularly true in light of the officer's testimony that he heard Donaldson complaining that he knew there must be money in the house, implying that he had not found it at the time of his arrest. "Only by speculation and conjecture could we assume that [Donaldson] took the money, and speculation and conjecture will not sustain a conviction." *Woodall v. State*, 235 Ga. 525, 533 (221 SE2d 794) (1975). Accordingly, Donaldson's conviction on the robbery count only must be set aside. See generally *Dillard v. State*, 251 Ga. 858 (2) (310 SE2d 518) (1984). However, the evidence was sufficient to support the lesser included offense of attempted robbery. In prior cases an appropriate procedure was established for vacating the conviction on the greater offense and directing entry of a conviction on the lesser offense. The case is remanded with direction that a conviction and sentence on the offense of attempted robbery be entered by the trial court. See *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532) (1989); *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459) (1981).

*Judgment affirmed in part, vacated in part and case remanded with direction. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 16, 1996.

*Levinson & Paul, Christopher G. Paul, Perrotta & Associates, Brian R. Cahn*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Assistant District Attorney*, for appellee.