S96A1076. THE STATE v. EPPS.
(476 SE2d 579)

BENHAM, Chief Justice.

Appellee Victoria Epps was the sole employee present at a convenience store when Gerald Dunn entered, armed with a handgun, and fatally shot a customer before removing $82 from the store's cash register. Other customers were not harmed by Dunn. Believing the crime to have been staged by Epps and Dunn, police arrested Epps and charged her with felony murder, the underlying offense being armed robbery, and with hindering the apprehension of a criminal. Dunn pleaded guilty to murder and armed robbery, and testified against Epps. The jury returned guilty verdicts against Epps on both charges. The trial court denied Epps' motion for new trial but subsequently vacated that order and granted Epps a new trial on an issue not germane to this appeal.

In response to a new indictment which charged her with hindering the apprehension of a criminal and felony murder by aiding and abetting Dunn in armed robbery, Epps filed a motion to quash the count of the indictment charging her with felony murder. After holding a hearing, the trial court granted the motion to quash. In its order, the trial court examined the law of armed robbery, the underlying felony of the felony murder charge, and made three findings: under Georgia law, Epps was the only possible victim of the robbery; it was "legally impossible" for Epps to have committed an armed robbery against her own person; and, assuming Epps had been a participant in the crime, there was no actual or constructive force necessary to the commission of armed robbery. The trial court concluded that Georgia law did not "encompass a person being both a party to or perpetrator of the crime [of armed robbery] and the victim," and that the indictment charging Epps with felony murder/armed robbery was not in accordance with the law. Pursuant to the authority granted it by OCGA § 5-7-1 (a) (1), the State filed a direct appeal from the order

quashing the indictment.[1]

The indictment at issue charged Epps with felony murder, alleging that she,

> while in the commission of the offense of Armed Robbery, did cause the death of [the victim] . . . by shooting him with a handgun, said Armed Robbery having been committed in the following manner: the accused, with intention to commit theft, did aid and abet Gerald Walker Dunn in taking U. S. currency from her person and immediate presence by the use of a handgun, the same being an offensive weapon. . . .

The crime of armed robbery is codified at OCGA § 16-8-41 (a) as the taking, with intent to commit a theft, of "property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." We turn our attention to one of the two essential elements of the crime on which the trial court based its ruling: the force necessary to effectuate a robbery.

A taking accomplished by force or intimidation is the "distinguishing characteristic" of robbery — the "gist" of the offense. 77 CJS 603, Robbery, § 13. The force necessary for robbery is actual violence or intimidation "exerted upon the person robbed, by operating upon his fears — the fear of injury to his person, or property, or character." *Long v. State*, 12 Ga. 293, 315 (1852). Intimidation is that " ' "terror . . . likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person. [Cit.]" ' " *Johnson v. State*, 195 Ga. App. 56 (1) (b) (392 SE2d 280) (1990). Intimidation is that act by the perpetrator which puts the person robbed "in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking." 67 AmJur2d 77, Robbery, § 22. A threat by a perpetrator to inflict harm constitutes the requisite force or intimidation if that threat of harm induces the victim/possessor of property to relinquish possession. *Johnson v. State*, supra. However, if the person in possession of the property voluntarily yields possession of the property to the robber, that is, consents to the taking of the property, an essential element of robbery, force, is missing. See *Shehany v. Lowry*, 170 Ga. 70, 71 (152 SE 114) (1930), where this Court acknowledged that "there can be no robbery unless the money or goods be taken without the consent of the owner . . . ."

Georgia's armed robbery statute "clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves

---

[1] Though the State presented evidence at Epps' first trial that at least one of the surviving store customers might have been the victim of aggravated assault, that crime was never used as the underlying felony of a felony murder charge against Epps.

the use of actual force or intimidation (constructive force) against another person." *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974). It follows that armed robbery does not occur unless the robber's use of an offensive weapon directly or indirectly induces the possessor of property to relinquish possession to the perpetrator. By alleging that Epps acted in concert with Dunn and relinquished control over the funds pursuant to their pre-arranged agreement, the indictment negates an essential element of robbery — that the relinquishment of possession was the result of force or intimidation. Since Epps could admit that she aided and abetted Dunn by relinquishing possession of the money voluntarily and not be guilty of armed robbery under Georgia law, the indictment is fatally defective and the trial court did not err in quashing the felony murder/armed robbery count. *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977). In order for one who voluntarily relinquishes possession of property to be deemed a victim of robbery, legislative, not judicial, action is required.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 1996.

*J. Tom Morgan, District Attorney, J. Michael McDaniel, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellant. *Drew Findling, Elizabeth L. Rankin,* for appellee.