S00A1684. PRATER v. THE STATE.
S00A1685. THOMAS v. THE STATE.
S00A1686. TOMLINSON v. THE STATE.
(545 SE2d 864)

SEARS, Justice.

After appellants were convicted of felony murder based upon armed robbery and also convicted of aggravated assault,[1] the trial court held that they were entitled to a new trial due to: (1) insufficient evidence to support the felony murder convictions, and (2) an erroneous jury instruction. Thereafter, on the State's motion, the trial court vacated its findings that there was insufficient evidence to support the felony murder convictions, and amended the new trial order to hold that appellants were entitled to a new trial due only to an erroneous jury instruction. The trial court then denied appellants' motions in autrefois acquit and pleas of double jeopardy. Appellants appeal from that ruling. We conclude that the evidence of record fails to support appellants' convictions for felony murder based upon armed robbery, and that double jeopardy attaches to the State's announced effort to retry appellants for that crime and for felony murder based upon criminal attempt to commit armed robbery. Therefore, we must reverse.

The evidence of record shows that appellants discussed robbing a Little Caesar's Pizza restaurant. Thereafter, appellants proceeded to the restaurant and knocked on the back door, carrying with them a 12-gauge shotgun and a red pizza delivery bag. Jonathan Tripp, an employee of the restaurant, responded to the knocks, believing them to be from a friend. When Tripp opened the door, the shotgun was discharged, killing Tripp and injuring restaurant employee Kyle Parenteau. Appellants then fled the scene. It is indisputable that there is no evidence of record to indicate that any money or valuables were taken from the restaurant, or that any of the appellants entered the restaurant premises after the fatal shot was fired.

Appellants were jointly indicted for one count of malice murder; two counts of felony murder — based upon armed robbery and aggravated assault, respectively; and aggravated assault. At appellants' trial, the court specifically asked the State if it wanted the jury to be given a charge on attempted armed robbery. At first, the State declined to have this charge given to the jury, but it later filed an amended request to add the charge. Eventually, though, the State announced that it was withdrawing its request to charge the jury on attempted armed robbery, and for that reason, the charge was not given by the trial court.

[1] Only appellants Prater and Tomlinson were convicted of aggravated assault; appellant Thomas was found not guilty of that crime.

All three appellants were found guilty of felony murder, with armed robbery as the underlying felony. All three appellants were found not guilty of malice murder and felony murder based upon aggravated assault. Appellants Prater and Tomlinson were found guilty of aggravated assault. Appellant Thomas was found not guilty of aggravated assault.

On appellants' motion, the trial court granted a new trial on two grounds: (1) the evidence did not support the convictions for felony murder based upon armed robbery; and (2) the jury did not receive correct instructions to establish felony murder convictions based upon a lesser included offense. The State sought reconsideration of the new trial ruling, and the trial court vacated its finding of insufficient evidence to support the felony murder convictions, but reaffirmed the granting of a new trial due to the inadequate jury instruction. Thereafter, appellants filed a motion in autrefois acquit and an accompanying plea of double jeopardy. The trial court denied the motion and the plea, and appellants now appeal to this Court.

1. As was initially found by the trial court, our review of the record requires us to conclude that there was insufficient evidence upon which to convict appellants of felony murder based upon armed robbery.[2] Armed robbery is committed when, with the intent to commit theft, one takes property from another by the use of an offensive weapon.[3] The distinguishing characteristic of an armed robbery is the taking of another's property by the use of force or intimidation.[4] Because a taking or a theft is an essential element of armed robbery,[5] it must be established in order to prove that an armed robbery occurred.[6]

The evidence of record in this matter shows that there was no evidence that a taking or a theft occurred at the time of the murder. There is no evidence to show that the assailants took any money or items from the restaurant or its employees, or even that appellants entered the restaurant, after firing the fatal shot from the doorway threshold. Due to the complete absence of evidence to establish the essential element of a taking or a theft, the State failed to carry its burden of proving beyond a reasonable doubt that appellants committed the underlying felony of armed robbery.[7]

---

[2] "A person . . . commits the offense of [felony] murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c).

[3] OCGA § 16-8-41 (a); *State v. Epps*, 267 Ga. 175, 176 (476 SE2d 579) (1996).

[4] *Epps*, supra.

[5] OCGA § 16-8-41 (a); *Conner v. State*, 251 Ga. 113, 114-115 (303 SE2d 266) (1983).

[6] *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974); Kurtz, Criminal Offenses and Defenses in Georgia, p. 512 (3rd ed. 1991); 77 CJS Robbery 593, § 5.

[7] *Dillard v. State*, 251 Ga. 858 (310 SE2d 518) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Because armed robbery served as the sole predicate for appellants' felony murder convictions, the State's failure to prove armed robbery must necessarily result in the setting aside of appellants' felony murder convictions. Without sufficient evidence to support a finding that appellants committed armed robbery, the evidence also fails to support the convictions for felony murder based upon armed robbery.[8]

2. The State urges that appellants' felony murder convictions should be affirmed because under the facts of this case, criminal attempt to commit armed robbery may serve as the underlying felony.[9] The State argues that the evidence of record shows beyond a reasonable doubt that appellants committed the underlying offense of criminal attempt to commit armed robbery. Pretermitting whether the evidence of record would support a conclusion that appellants were attempting to commit armed robbery when Jonathan Tripp was killed, we must disagree with the State's assertion that appellants' felony murder convictions can be affirmed based upon attempted armed robbery.

As pointed out by the State, our case law provides that:

[A] felony which is an included offense of another felony which is charged in an indictment may constitute the underlying felony upon which conviction of felony murder may be grounded, given adequate proof **and correct jury instructions.** Correct jury instructions must identify the included offense as a felony, and must specify its essential elements, as well as the elements of felony murder.[10]

This principle does not, however, support the State's argument that criminal attempt to commit armed robbery can support appellants' felony murder convictions. Contrary to the State's argument, the trial court's charge to the jury in this matter did not include a correct instruction on criminal attempt to commit armed robbery. The State urges that the trial court's instruction to the jury that, "[a] homicide is committed in the carrying out of a felony when it is committed by the accused while engaged in the performance of any act required for the full execution of the felony," was an adequate charge on criminal attempt to commit armed robbery. Quite to the contrary, this instruction is taken almost verbatim from the Suggested Pattern

---

[8] *Dillard*, supra.

[9] "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1.

[10] (Emphasis supplied.) *Dillard*, 251 Ga. at 859.

Jury Instruction concerning murders that are committed during the commission of a felony.[11] Thus, it is simply not the case in this matter that the trial court's charge, while not expressly instructing on attempted armed robbery, otherwise included the principles that form the foundation of that particular crime.[12] Because an adequate charge on criminal attempt to commit armed robbery was not given to the jury, that crime cannot serve as a basis for appellants' felony murder convictions.

3. The record shows that the trial court inquired whether the State wished the jury to be charged on criminal attempt to commit armed robbery. After initially declining the charge, the State requested that the charge be given, and then changed its tactic and specifically asked that the trial court not charge the jury on attempted armed robbery. The transcript does not reveal the State's reason for withdrawing its request to charge. However, regardless of why the State elected not to have the jury charged on attempted armed robbery, our case law states that a party to a criminal prosecution will not be heard to complain about the failure to charge a lesser included offense that is not alleged in the bill of indictment **unless** a timely written request to make such a charge is submitted to the trial court.[13] Thus, by failing to request an adequate instruction on attempted armed robbery from the trial court, the State has waived all claims on appeal relative to the instruction's omission from the trial court's overall charge.

4. Contrary to the position urged by Justice Carley's dissent, the State is constitutionally estopped from retrying appellants for felony murder based upon attempted armed robbery. Because the Georgia Code "expand[s] the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions,"[14] all "questions of double jeopardy in Georgia must now be determined under [OCGA §§ 16-1-6, 16-1-8 and 16-1-7]."[15]

Generally speaking, re-prosecution is not barred under the Georgia Code if an initial conviction is reversed on appeal, unless there is

---

[11] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 4 (B) (4) (2nd ed. 1991). The transcript includes a colloquy between the State and the trial court which indicates that the prosecutor may have believed that this instruction was sufficient to cover criminal attempt to commit armed robbery. However, we cannot conceive how this language can be construed to adequately instruct a jury on criminal attempt. Compare id., Part 4 (A) (1) (a proper instruction on criminal attempt states that: "A person commits criminal attempt to commit [a crime] when, with intent to commit [the crime], that person performs any act which constitutes a substantial step toward the commission of the crime [ ].").

[12] *Carter v. State*, 263 Ga. 401, 403 (435 SE2d 42) (1993).

[13] See *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976); *Williams v. State*, 185 Ga. App. 633, 634 (365 SE2d 491) (1988).

[14] *State v. Warren*, 133 Ga. App. 793 (213 SE2d 53) (1975).

[15] Id.; *Stephens v. Hopper*, 241 Ga. 596 (247 SE2d 92) (1978).

a finding on appeal that the evidence did not authorize the verdict.[16] It is axiomatic that where an appellate court determines that the evidence at a first trial was insufficient to authorize a guilty verdict, a second prosecution is barred by the double jeopardy concerns expressed in our Georgia Code, as well as our State and Federal Constitutions.[17] Thus, our reversal of appellants' convictions for felony murder based upon armed robbery due to insufficient evidence raises a procedural double jeopardy bar to any re-prosecution for that particular crime.

Furthermore, under OCGA § 16-1-7, when several crimes arising from the same conduct are known to the State at the time of trial, the crimes must all be prosecuted in a single action.[18] Otherwise, the procedural double jeopardy protections of OCGA § 16-1-8 (b) forbid the State from prosecuting in a second action crimes that were omitted from the first prosecution.[19] "Offenses arising from the same conduct, within the jurisdiction of a single court, must be prosecuted in a single action."[20] Otherwise, successive prosecutions are barred by procedural double jeopardy.[21]

Moreover, where a defendant is tried and convicted of a crime, and that conviction is reversed due to insufficient evidence, procedural double jeopardy bars re-prosecution for that same crime and any lesser included crime.[22] A lesser or greater included offense is treated as the same offense for double jeopardy purposes.[23] Thus, in this matter, our reversal of appellants' convictions for felony murder based upon armed robbery due to insufficient evidence not only raises a procedural double jeopardy bar for that particular crime, it also

---

[16] OCGA § 16-1-8 (d).

[17] OCGA § 16-1-8; *Bethay v. State*, 235 Ga. 371 (219 SE2d 743) (1975). See 1983 Georgia Constitution, Art. I, Sec. I, Par. XVIII; United States Constitution, 5th and 14th Amendments.

[18] OCGA § 16-1-7 (b) provides that: "If . . . several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ."

[19] OCGA § 16-1-8 (b) states that:
A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution . . . [was] for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial . . .), or is for a crime which involves the same conduct.
See *Burks v. United States*, 437 U. S. 1, 11 (98 SC 2141, 57 LE2d 1) (1978); *Bethay v. State*, supra.

[20] *Brock v. State*, 146 Ga. App. 78, 80 (245 SE2d 442) (1978).

[21] Id.; *State v. McCrary*, 253 Ga. 747, 748 (325 SE2d 151) (1985).

[22] *Stephens v. Zant*, 631 F2d 397, 401 (5th Cir. 1980), cert. denied, 454 U. S. 1035 (102 SC 575, 70 LE2d 480) (1981), rev'd on other grounds, 462 U. S. 862 (103 SC 2733, 77 LE2d 235) (1983) (applying Georgia law).

[23] Id.; citing *Brown v. Ohio*, 432 U. S. 161 (97 SC 2221, 53 LE2d 187) (1977).

raises a procedural double jeopardy bar for the lesser-included offense of criminal attempt to commit armed robbery.

5. This Court may not order the trial court to enter judgments of conviction and sentence appellants for felony murder based upon attempted armed robbery without the benefit of retrial, as urged by Chief Justice Benham's dissent. Neither appellate precedent nor the Georgia Code authorizes this Court to order a trial court to enter judgments of conviction and sentences for a crime that was not indicted against an accused; that was not charged to the jury during trial; and for which an accused was not convicted at trial.[24]

As explained in Division 4, supra, any attempt to retry appellants for felony murder based upon attempted armed robbery would violate the requirements of procedural double jeopardy. This Court may not avoid those constitutional requirements by ordering a trial court to dispense with a retrial and proceed directly to a second judgment and re-sentencing.

Finally, under this Court's own precedent, unless a jury is charged on a particular crime, no verdict may be rendered on that crime.[25] When a verdict is rendered on a crime that was not charged to the jury, that verdict is illegal.[26] Because in this matter the jury was not charged on felony murder based upon attempted armed robbery, a judgment of conviction and sentence for felony murder based upon attempted armed robbery would, under this Court's own precedent, be an illegal verdict.

6. For all of the reasons expressed above, the trial court's denial of appellants' motions in autrefois acquit and pleas of double jeopardy are reversed.

*Judgments reversed. Fletcher, P. J., Hunstein and Thompson, JJ., and Judge Herbert E. Phipps concur. Benham, C. J., and Carley, J., dissent. Hines, J., disqualified.*

---

[24] The dissent cites several Court of Appeals cases for the proposition that when there is evidence to establish the commission of a lesser included crime, conviction on that crime should be entered when a conviction for the greater crime is vacated, even if the jury was not charged on the lesser crime. The cases cited do not support this proposition. *In the Interest of A. F.*, 236 Ga. App. 60 (510 SE2d 910) (1999), concerned an adjudication of delinquency and did not involve a jury trial or a jury charge. The available records in the other cases show that in those cases, the juries involved were charged on, and hence authorized to convict on, the lesser included offenses. See *Donaldson v. State*, 222 Ga. App. 532 (474 SE2d 722) (1996); *Anderson v. State*, 215 Ga. App. 426 (451 SE2d 103) (1994); *Barnett v. State*, 204 Ga. App. 491 (420 SE2d 43) (1992); *Platt v. State*, 200 Ga. App. 784 (409 SE2d 878) (1991); *Hogan v. State*, 193 Ga. App. 543 (388 SE2d 532) (1989); *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459) (1981). As stated above, no jury charge on the lesser offense was given in this case.

[25] *State v. Freeman*, 264 Ga. 276 (444 SE2d 80) (1994). See *Dillard*, supra.

[26] Id.

BENHAM, Chief Justice, dissenting.

The majority reverses the trial court's denial of appellants' motions in autrefois acquit and their pleas of double jeopardy after concluding that the evidence at appellants' first trial was insufficient to authorize their convictions for felony murder and that such insufficiency bars their retrial for felony murder. While I agree that the State did not present sufficient evidence to warrant the jury's conclusion that appellants were guilty of felony murder with armed robbery as the underlying felony, I must respectfully dissent because I believe that there is sufficient evidence to authorize appellants' convictions for felony murder with attempted armed robbery as the underlying felony. Accordingly, I would affirm the trial court's denial of appellants' motions. However, I do not believe appellants are entitled to a new trial, but that judgment of conviction on felony murder/armed robbery should be vacated and that judgment of conviction on the "included" felony murder of felony murder/criminal attempt should be entered against appellants.

Appellants were indicted for felony murder, with the underlying felony being armed robbery, in connection with the death of Jonathan Tripp and the wounding of Kyle Parenteau. Since the underlying felony of a felony murder charge is an offense included in the crime of felony murder (*Fallings v. State*, 232 Ga. 798 (3) (209 SE2d 151) (1974)), the failure to prove an armed robbery means that a felony murder conviction based on the commission of an armed robbery cannot stand. All parties agree that the transcript of appellants' trial reflects no evidence that the assailants took money or items from the restaurant or its employees at the time the victims were shot. Since a taking, an essential element of the underlying felony of armed robbery, was not established, the felony murder convictions based on armed robbery cannot stand. The inquiry does not, however, end with that determination. Where, as here, the evidence presented at trial is sufficient to support a felony murder conviction based on the lesser included offense of criminal attempt to commit armed robbery, a judgment of conviction for felony murder and a sentence based thereon should be entered in lieu of the vacated judgment and sentence entered on the felony murder/armed robbery guilty verdict. See *In the Interest of A. F.*, 236 Ga. App. 60 (2) (510 SE2d 910) (1999); *Donaldson v. State*, 222 Ga. App. 532 (474 SE2d 722) (1996); *Anderson v. State*, 215 Ga. App. 426 (451 SE2d 103) (1994); *Barnett v. State*, 204 Ga. App. 491 (420 SE2d 43) (1992); *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532) (1989); *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459) (1981). See also *Platt v. State*,

200 Ga. App. 784 (2) (409 SE2d 878) (1991).[27]

Supporting what I believe to be the proper resolution of this case is *Dillard v. State*, 251 Ga. 858 (310 SE2d 518) (1984), the case upon which the majority heavily relies in support of its determination that the lack of evidence of a taking is fatal to appellants' murder convictions. In *Dillard*, this Court determined that the jury's guilty verdict on felony murder was not vitiated by the Court vacating the armed robbery conviction for lack of evidence. The *Dillard* Court noted that the evidence was sufficient to prove the included felony of criminal attempt to commit armed robbery, and that "[i]n returning the guilty verdict on the armed robbery count, the jury necessarily found all the elements of criminal attempt to commit armed robbery." Id. at 859. After observing that the trial court had given instructions on criminal attempt, the Court affirmed Dillard's felony murder conviction.

The point at which the majority and I part ways is where the majority unhesitatingly relies on *Dillard*'s pronouncement that a jury must be instructed on the essential elements of the included felony before a conviction for felony murder based on the included felony may be upheld. I believe the rationale used in *Dillard* to reach the pronouncement is flawed and resulted in a conclusion that does not stand up to close scrutiny. In *Dillard*, this Court re-affirmed this Court's prior holdings that one charged with *malice* murder and armed robbery could be convicted of *felony* murder if the jury were charged on the law of felony murder and apprised of the essential elements of the felony supporting felony murder. See *Edwards v. State*, 233 Ga. 625 (1) (212 SE2d 802) (1975). The Court then went on to state as "[t]he obverse of [the above] proposition," that a jury had to be informed of the essential elements of a felony included in the underlying felony if the included felony were to serve as the underlying felony of felony murder. *Dillard v. State* at 859. I have no quarrel with the initial proposition regarding malice murder and felony murder, as the additional instructions on felony murder and the underlying felony are necessary where the indicted crime was malice murder because felony murder is not a crime included in malice murder as a matter of law. Compare OCGA § 16-5-1 (a) with § 16-5-1 (c). Having introduced felony murder into a malice murder case as a new theory of possible guilt, it is necessary to instruct the jury on the essential elements of the underlying felony since the underlying felony is an

---

[27] I wish to clarify a point the majority attempts to make with regard to these cases. In footnote 24 of the majority opinion, the majority states: "The available records in the other cases show that in those cases, the juries involved were charged on, and hence authorized to convict on, the lesser included offenses[,]" and cites six of the seven cases cited herein. In order to avoid confusion on this issue, let me point out that the appellate records in all of the cases except *Choate v. State* and *Hogan v. State* have been destroyed and consequently were not available for appellate review.

essential element of felony murder and the jury must have guidelines by which it can determine whether the elements of felony murder are present. *Teal v. State*, 122 Ga. App. 532 (2) (177 SE2d 532) (1970).

The same rationale does not support the *Dillard* Court's "obverse proposition." When the elements of the felony indicted as the under-lying felony are charged to the jury, using as the underlying felony a felony included in the indicted felony *does not* carry with it the prob-lem of using felony murder as an alternative when malice murder is charged. The included felony is, by definition, included in the under-lying felony, and the jury, having been instructed on the elements of the greater offense, has been given guidelines by which it can decide whether the elements of felony murder are present. To insist on a separate jury instruction on each included offense misses the forest for the trees and results in the anomaly with which we are faced — the jury verdict which found that appellants had killed Jonathan Tripp as they carried out their plan to rob the restaurant where he worked, which verdict "necessarily found all the elements of criminal attempt to commit armed robbery," (*Dillard v. State*, supra), is wiped out by the lack of evidence of a completed armed robbery and the lack of an instruction to the jury that attempting to commit armed rob-bery is an offense included in armed robbery. Since it was not appro-priate in *Dillard* and is not appropriate now to hold that a jury must be given separate instructions on the felonies included within the underlying felony of felony murder before the jury may return a ver-dict based on any of the included offenses, I would hold that the jury's guilty verdict on felony murder/armed robbery necessarily included a guilty verdict on felony murder/attempted armed robbery and would affirm the judgment of conviction entered thereon. But see *State v. Freeman*, 264 Ga. 276 (444 SE2d 80) (1994), where this Court held that a jury could not return a verdict on an included offense on which it had not been instructed. Such a result is not a violation of due pro-cess since appellants were put on notice by the law that they "may be convicted of a crime included in a crime charged in the indictment or accusation. . . ." OCGA § 16-1-6; *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984); *In the Interest of A. F.*, supra, 236 Ga. App. 60 (2).

Even if one were to insist that the jury must be specifically apprised of the "felony within the felony" before the included felony may serve as the felony for felony murder, I would suggest that the jury in the case at bar was given sufficient instruction to authorize their consideration of criminal attempt to commit armed robbery as the underlying felony of felony murder. Criminal attempt is commit-ted when one, "with intent to commit a specific crime, . . . performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. The trial court instructed the jury

that felony murder resulted when a person's homicide was caused by the defendant while committing a felony; that the homicide had to occur before the felony was completed; that the homicide must have been done in carrying out the felony; and that a homicide was "committed in the carrying out of [the] felony when it is committed by the accused while engaged in the performance of any act required for the full execution of the felony." While the instruction given does not clearly set forth that its subject matter is criminal attempt to commit armed robbery, it substantially covers (see *Carter v. State*, 263 Ga. 401 (4) (435 SE2d 42) (1993)) the principle of felony murder based on criminal attempt being the underlying felony — one may be convicted of felony murder if, while engaged in the performance of an act required to commit armed robbery, one caused the death of another person. Accordingly, I also disagree with the majority's conclusion in Division 2 that the jury was not given a charge from which they could return a guilty verdict on felony murder/criminal attempt to commit armed robbery.

CARLEY, Justice, dissenting.

The Court correctly holds that the evidence is not sufficient to support the appellants' convictions for felony murder based upon armed robbery and that the trial court failed to give an adequate charge on attempted armed robbery. Therefore, *Dillard v. State*, 251 Ga. 858, 859 (2) (310 SE2d 518) (1984) compels reversal of the conviction for felony murder. However, the majority also prohibits a retrial of all defendants for felony murder while in the commission of attempted armed robbery, even though there clearly was sufficient evidence of that lesser included underlying felony. In my opinion, such a retrial would not constitute a violation of either constitutional or statutory double jeopardy protections. Accordingly, I concur in this Court's judgment of reversal, but I dissent to the failure to remand these cases for retrial.

I agree with Chief Justice Benham's dissent to the extent that he finds sufficient evidence of attempted armed robbery and concludes that double jeopardy does not preclude a conviction for felony murder based upon this lesser included offense. However, I cannot join his dissent because I do not agree either that the trial court gave an adequate charge on attempted armed robbery or that any such charge is unnecessary in order to uphold a felony murder conviction based upon that underlying felony. *Dillard v. State*, supra at 859 (2), is controlling Georgia authority to the contrary and should not be overruled or disapproved. *Dillard* is not an aberration, but is consistent with the law of other jurisdictions. *United States v. Dinkane*, 17 F3d 1192, 1198 (II) (B) (9th Cir. 1994); *Collier v. State*, 999 SW2d 779 (Tex. Crim. App. 1999); *Ex parte Roberts*, 662 S2d 229, 232 (Ala.

1995); *State v. Holley*, 604 A2d 772, 775-776 (R.I. 1992); *State v. Myers*, 461 NW2d 777 (Wisc. 1990).

In Division 4, the majority erroneously indicates that any retrial would run afoul of the state and federal constitutional double jeopardy provisions, as extended by the Official Code of Georgia Annotated. The opinion correctly recognizes that where the evidence is *insufficient*, double jeopardy bars a second prosecution for the same offense. However, both the Supreme Court of the United States and the great majority of state jurisdictions have concluded that, if an appellate court deems the evidence insufficient to support a "guilty verdict on a greater offense *but* finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment of conviction on that lesser included offense," even in the absence of a verdict of guilt thereon. (Emphasis supplied.) *State v. Malufau*, 906 P2d 612, 621 (I) (Haw. 1995). See also *Morris v. Mathews*, 475 U. S. 237 (106 SC 1032, 89 LE2d 187) (1986); 5 LaFave, Israel & King, Criminal Procedure, § 25.4 (b), pp. 679-680 (2nd ed. 1999). Moreover, double jeopardy will not preclude retrial after a conviction is reversed for trial error, even though the evidence is sufficient only because erroneously admitted evidence is considered. *Lockhart v. Nelson*, 488 U. S. 33 (109 SC 285, 102 LE2d 265) (1988); *Maxwell v. State*, 262 Ga. 73, 74 (1) (414 SE2d 470) (1992), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998); *State v. Malufau*, supra at 622 (I). The application of both of these principles seeks to place the defendant in the position that he would have been in, or to recreate the situation that would have existed if there had been no error in the trial court. *State v. Malufau*, supra at 622 (I).

> "From this, it would seem to follow that if the appellate court has also found some error in the trial (in addition to a determination that insufficient evidence to support a conviction of the greater offense was presented at trial), then it is proper to remand the case for retrial on the lesser included offense." [Cits.]

*State v. Malufau*, supra at 622 (I). Several other jurisdictions "have approved procedures allowing retrial on lesser included offenses following appellate determinations that insufficient evidence to support convictions of greater offenses had been presented at trial. [Cits.]" *State v. Malufau*, supra at 622 (I). See also *State v. Archie*, 230 Ga. App. 253-254 (495 SE2d 581) (1998) (" 'acquittal on a greater offense does not preclude a retrial on a lesser offense to which continuing jeopardy has attached. . . .' [Cit.]").

In my opinion, we should do likewise in connection with these

cases. The only reason why we cannot simply affirm the felony murder convictions is because of the insufficient instruction on the lesser underlying felony. *Dillard v. State*, supra at 859 (2). If the trial court had included an adequate instruction, then the jury would have had the opportunity to consider attempted armed robbery, and the evidence would have been sufficient to support a guilty verdict of felony murder while in the commission of that lesser underlying felony. Restoration of appellants to their proper positions requires both reversal of the felony murder convictions because of the insufficient evidence of the underlying felony of armed robbery, and remand of the case for retrial on felony murder while in the commission of the lesser underlying felony of attempted armed robbery. Such a retrial would not give the State a second chance to convict and punish appellants for a single offense. To the contrary, the effect of reversal and remand will be to give them, at their request, another chance to rebut the State's evidence that they committed felony murder, even though the State has already obtained a conviction for that offense. *Beverly v. Jones*, 854 F2d 412, 415 (II) (B) (11th Cir. 1988).

By conditioning retrial on the giving of a lesser included offense instruction, the majority " 'creates the anomaly of forcing a defendant to make himself subject to retrial if he requests a lesser-included offense in those cases in which he challenges the sufficiency of the evidence with respect to the higher offense.' " 5 LaFave, Israel & King, supra at § 25.4 (b), p. 681. The majority places a burden on the State to request a charge on the lesser included offense. The opinion cites no authority for this holding and I submit that there is none. Even if the prosecutor did have that burden, he clearly did not abandon the lesser offense. As the majority admits and the record shows, the attorney for the State believed that the instruction which was given was sufficient to cover criminal attempt to commit armed robbery. The State's incorrect legal determination that the instruction was adequate or that the facts of this case could prove a completed armed robbery

> caused the defendants to be convicted through a flawed judicial process. We fail to see a meaningful distinction between the reversal in this case and a reversal for a legally incorrect jury instruction (which *Burks* [*v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978)] gave as a specific example of trial error). In both situations the jury is misinformed regarding the correct legal standard applicable to the facts before it, and a reversal of the jury's conviction represents nothing more than a decision to that effect. [Cit.]

*United States v. Lanzotti*, 90 F3d 1217, 1223 (II) (7th Cir. 1996). As in

*Montana v. Hall*, 481 U. S. 400 (107 SC 1825, 95 LE2d 354) (1987) and subsequent cases, the State simply relied on the wrong theory to establish a predicate offense, although the evidence clearly showed that the defendants' conduct was criminal. *United States v. Lanzotti*, supra at 1223 (II). Given that inculpatory evidence, the prosecutor had no illicit incentive to proceed only under the theory of armed robbery. Since the jury was instructed on armed robbery, it could easily have acquitted the appellants, and double jeopardy would have prevented retrial. *United States v. Lanzotti*, supra at 1223-1224 (II).

> Thus, the government mistakenly relied, to its own potential detriment, on an inapplicable predicate offense. [F]orbidding retrial in this situation would only encourage sandbagging by defendants, who would have every incentive to allow [instructions] on a legally inapplicable theory. Regardless of whether the jury acquitted or convicted the defendant under that theory, he would not be ultimately punished for his alleged crime. . . . *Hall* teaches that the prosecution's oversight regarding the applicability of a law, without more, will not bar a retrial for the same conduct under a correct legal theory.

*United States v. Lanzotti*, supra at 1224 (II).

The majority incorrectly relies upon Georgia's double jeopardy statutes. As is clear from *Dillard v. State*, supra, the State was not required to include in the indictment any explicit charge of felony murder based upon the lesser underlying felony of attempted armed robbery. "An accused may be convicted of a crime included in a crime charged in the indictment or accusation." OCGA § 16-1-6.

> It is axiomatic that, where the evidence is sufficient to support a conviction, an accused may be convicted of a crime included in the crime charged in the indictment, without the necessity of the lesser included crime being specifically charged. It is likewise well settled that an attempt to commit a specific offense is a lesser included crime. [Cits.]

*Collins v. State*, 164 Ga. App. 482, 483 (1) (297 SE2d 503) (1982). Thus, an indictment for felony murder permits conviction based upon the lesser underlying felony of attempt. See *Motes v. State*, 192 Ga. App. 302 (1) (384 SE2d 463) (1989), overruled on other grounds, *Smith v. State*, 268 Ga. 196, 200, fn. 5 (486 SE2d 819) (1997). Not only did the charge in the indictment include felony murder based on attempted armed robbery by virtue of OCGA § 16-1-6, OCGA § 16-1-7 (b) required the State to try that lesser offense along with felony murder based on the completed crime, since the trial court did not

order separate trials under OCGA § 16-1-7 (c). *Ezzard v. State*, 229 Ga. 465, 466 (3) (192 SE2d 374) (1972), overruled on other grounds, *Head v. State*, 235 Ga. 677, 679 (221 SE2d 435) (1975). Thus, the trial necessarily encompassed attempted armed robbery. Indeed, the State understood this and believed, however erroneously, that that crime was before the jury. Accordingly, it is clear that the lesser offense of felony murder while in the commission of attempted armed robbery *was* "prosecuted in a single prosecution" with the greater offense, as required by OCGA § 16-1-7 (b). The majority's analysis and citation of cases are based upon the erroneous premise that a retrial for the lesser offense would somehow be a separate prosecution. However, such a retrial could not be a separate prosecution, as it results from a reversal on appeal, not due to insufficient evidence of the lesser offense, but due to the absence of a charge thereon. The fact that the jury was not charged on the lesser offense of felony murder during the commission of attempted armed robbery is not a valid reason for refusing to allow the State to retry the defendants for that crime.

The remaining statutory double jeopardy issue is whether the single prosecution for felony murder bars retrial because it resulted in a conviction, an acquittal, or an improper termination. OCGA § 16-1-8. Subsection (b) of OCGA § 16-1-8 only "governs cases in which the State brought *separate* prosecutions for a greater and included offense, in violation of OCGA § 16-1-7 (b)." (Emphasis in original.) *State v. LeMay*, 186 Ga. App. 146, 147 (3) (367 SE2d 61) (1988) (Benham, J.). Otherwise, conviction of a lesser offense would automatically preclude retrial of the greater offense, contrary to *Bell v. State*, 249 Ga. 644, 646 (3) (292 SE2d 402) (1982). Thus, the exclusive means for determining whether double jeopardy bars a retrial in this case is subsection (a) of OCGA § 16-1-8. *State v. LeMay*, supra at 147 (3). Under that subsection, the former prosecution cannot bar retrial of felony murder while in the commission of attempted armed robbery, because this Court, in reversing the conviction, did *not* find that the evidence did not authorize a verdict of guilt of felony murder while in the commission of any offense *other than armed robbery*. OCGA § 16-1-8 (a), (d). Although appellants' prior trial on the *greater* offense ended in the functional equivalent of an acquittal, the trial on the *lesser* offense "did not end in conviction, acquittal, or improper termination. Therefore, retrial on that same charge is not barred by either the constitutional or statutory prohibitions against double jeopardy." *State v. LeMay*, supra at 148 (3).

> From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction

would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest.

*United States v. Tateo*, 377 U. S. 463, 466 (84 SC 1587, 12 LE2d 448) (1964). See also *United States v. Lanzotti*, supra at 1220 (II).

Allowing a retrial in these cases would protect " 'the right of an accused to be given a fair trial' as well as 'the societal interest in punishing one whose guilt is clear after he has obtained such a trial.' [Cit.]" *United States v. Lanzotti*, supra at 1224 (II).

DECIDED JANUARY 8, 2001 —
RECONSIDERATION DENIED MARCH 2, 2001.

*Cauthorn & Phillips, Thomas E. Cauthorn III*, for appellant (Case No. S00A1684).

*Marc D. Cella*, for appellant (Case No. S00A1685).

*Alan J. Baverman*, for appellant (Case No. S00A1686).

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.