**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 11, 2018**

# In the Court of Appeals of Georgia

A18A1259. AGUIRRE-GOMEZ v. THE STATE.

ELLINGTON, Presiding Judge.

A Hall County jury found Filberto Aguirre-Gomez guilty of two counts of reckless conduct, OCGA § 16-5-60 (b), and possession of a firearm during the commission of a felony, OCGA § 16-11-106 (b) (1).[1] Aguirre-Gomez appeals from the order denying his motion for a new trial, contending that his conviction for possession of a firearm during the commission of a felony must be reversed because the trial court's jury instructions concerning that offense constituted plain error under the circumstances of this case and because the evidence was insufficient to support the conviction. For the following reasons, we reverse this conviction.

---

[1] The appellant does not challenge his convictions for misdemeanor reckless conduct.

The State charged Aguirre-Gomez for offenses that arose from a fight that broke out on a December night in 2015 while his girlfriend was packing her belongings to move out of the home that they shared. Three of the girlfriend's friends fought with Aguirre-Gomez, kicking and punching him, and he fired two or three "warning shots" at them to scare them away. As the friends fled, Aguirre-Gomez briefly followed after them in his truck, firing one more shot. This final shot injured one of the people with whom he had fought. The State returned a three-count indictment against Aguirre-Gomez, charging him with two counts of aggravated assault (each against the same victim) and possession of a firearm during the commission of "a felony against the person of another; to wit: Aggravated Assault[.]" The jury returned a verdict finding Aguirre-Gomez guilty of two counts of reckless conduct (lesser-included offenses of aggravated assault) and possession of a firearm during the commission of a felony.

1. Aguirre-Gomez argues that his firearm possession charge must be reversed because the jury was not properly instructed. Specifically, he argues that, because the jury was not informed that reckless conduct is a misdemeanor,[2] it could have

_____

[2] OCGA § 16-5-60 (b) provides that a person found guilty of the offense of reckless conduct shall be sentenced for "a misdemeanor."

2

mistakenly inferred that reckless conduct would suffice as the predicate felony for the firearm possession charge. For the following reasons, we agree.

Although Aguirre-Gomez's trial counsel suggested at the charge conference that the trial court should inform the jury that reckless conduct is a misdemeanor, he did not object to the jury charge that the trial court eventually gave. Our Supreme Court has explained the limits of our appellate review in this circumstance:

> Because an objection voiced at the charge conference does not preserve objections to the charge as subsequently given, the failure to object to the charge as given precludes appellate review unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Despite the lack of objection below, the omission of the jury instruction . . . was raised on motion for new trial and enumerated as error and argued on appeal in this case. Consequently, we will review the failure to [give the requested charge], but we review only for plain error, meaning an error that is obvious, that likely affected the outcome of the proceedings, and that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Merritt v. State*, 292 Ga. 327, 330-331 (2) (737 SE2d 673) (2013) (citations and punctuation omitted). Applying this standard, we find the trial court's failure to give the requested charge was plain error.

3

Count 2 of the indictment charged Aguirre-Gomez with possession of a firearm during the commission of a felony and specifically identified aggravated assault as the underlying "felony." He was found not guilty of both counts of aggravated assault, but was found guilty of the lesser-included misdemeanor offense of reckless conduct as to each count of aggravated assault. The record shows, however, that when the court charged the jury on reckless conduct as a lesser-included offense, it failed to instruct the jury that reckless conduct was a misdemeanor, not a felony.

A lesser-included offense can be a predicate offense for the crime of possession of a firearm during the commission of a felony, but only if the court's instructions inform the jury that the lesser-included offense qualifies as a predicate *felony* offense.

> In the analogous situation of a felony murder, which also requires proof of an underlying felony, our Supreme Court held that "a felony which is an included offense of another felony which is charged in an indictment may constitute the underlying felony upon which conviction of felony murder may be grounded, given adequate proof and correct jury instructions." *Dillard v. State*, 251 Ga. 858, 859 (2) (310 SE2d 518) (1984). The Supreme Court then explained that "correct jury instructions must identify the included offense as a felony, and must specify its essential elements, as well as the elements of felony murder." Id. See also *Prater v. State*, 273 Ga. 477, 479 (2) (545 SE2d 864) (2001).

*Prather v. State*, 259 Ga. App. 441, 442-443 (1) (576 SE2d 904) (2003).

4

In this case, the trial court not only failed to inform the jury that the offense of reckless conduct was a misdemeanor, and therefore a crime that did not qualify as a predicate felony offense, the court's instructions could have misled the jury into believing that reckless conduct was a felony. The court charged the jury, in relevant part, that "[a] person commits reckless conduct when he causes bodily harm to or endangers the bodily safety of another[.]" Almost immediately thereafter, when defining the offense of possession of a firearm during the commission of a felony, the court informed the jury that a felony "is any crime against or involving the person of another." Thus, the jury could have inferred from the charge that reckless conduct was a felony that could satisfy the elements of the offense of possession of a firearm during the commission of a felony, thereby substantially prejudicing Aguirre-Gomez's rights. This is an obvious error that likely affected the outcome of the proceedings and seriously affected the fairness of the trial below. "Therefore, the facts of this case present an even more compelling reason for reversing [the] possession conviction than the facts presented in *Prather*." See *Moore v. State*, 286 Ga. App. 313, 320-321 (5) (649 SE2d 337) (2007) (Because the trial court failed to instruct the jury that the involuntary manslaughter offense – which could be either a misdemeanor or a felony – had been charged as a felony, the defendant's conviction

5

for possession of a firearm during the commission of a felony had to be reversed.). Consequently, Aguirre-Gomez's conviction for possession of a firearm during the commission of a felony must be reversed.

2. In his second claim of error, Aguirre-Gomez contends that his conviction for possession of a firearm during the commission of a felony was not supported by the evidence as matter of law because the jury found him not guilty of aggravated assault. Given our holding in Division 1, we conclude that this claim of error is moot.

*Judgment reversed. Bethel and Gobeil, JJ., concur.*