**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
**physically received in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 15, 2026**

# In the Court of Appeals of Georgia

A26A0134. EDGE v. THE STATE.

PADGETT, Judge.

After a jury trial, Nicholas Sharron Edge was convicted of sexual contact by an employee or agent in the first degree and sexual battery against a child under 16 years of age. Following the denial of his motion in arrest of judgment, Edge appeals his sexual contact conviction, arguing that the evidence was insufficient and that there was a fatal defect in his indictment. For the following reasons, we affirm in part and reverse in part.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 US 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that Edge was a track coach and paraprofessional at Willie J. Williams

Middle School in Colquitt County. M. B. was a 12-year-old student at the school and was on the track team that Edge coached. On the bus ride back to school from a track event on March 10, 2022, Edge sat next to M. B. M. B. testified that Edge touched her "in-between [her] thighs" three times and it made her feel "extremely uncomfortable." Edge also asked M. B. why it was "hot down there" and asked her whether it was "dead down there[.]"Three videos from inside the school bus that showed Edge resting his hand between M. B.'s legs were played for the jury at trial. A special agent with the GBI also testified about the bus videos. The GBI special agent testified that the videos showed Edge sitting in an aisle seat next to M. B., rubbing M. B.'s leg, resting his hand in between M. B.'s legs, and placing his hand underneath her thigh.

M. B. also testified that Edge had previously grabbed her buttocks while on a practice field and alone with her. On another occasion, Edge invited M. B. to come over to his house where they could do "grown up things" in his bed. The jury also heard testimony from G. P., another girl on the track team. G. P. testified that when she was 12 years old, Edge touched her leg, thigh, and waist and that it made her feel uncomfortable. A forensic interviewer also testified that M. B. told her that Edge had touched her buttocks.

Edge was indicted for child molestation, sexual contact by an employee or agent in the first degree, sexual battery against a child under 16, and criminal attempt to commit a felony. After a trial, the jury found Edge guilty of sexual battery against a child under 16, as a lesser included offense of child molestation, and guilty of sexual contact by an employee or agent in the first degree. The jury acquitted Edge of the independent charge of sexual battery against a child under 16, and on the charge of criminal attempt to commit a felony. Edge then filed a motion in arrest of judgment, arguing that: (1) the record was devoid of any evidence that he committed sexually explicit conduct; and (2) the indictment misled the jury to believe that child molestation was the act of sexually explicit conduct. The trial court denied the motion, and sentenced Edge to five years on the sexual battery count and twenty years on the sexual contact count, with the sentences to run concurrently, and with the first five to be served in confinement and the remainder on probation. This appeal followed.

1. Edge first argues that there was insufficient evidence to sustain his conviction for sexual contact by an employee or agent in the first degree. We agree. OCGA § 16-6-5.1(b)(1) provides, in relevant part, that

> [a]n employee or agent commits the offense of improper sexual contact by employee or agent in the first degree when such employee or agent knowingly engages in sexually explicit conduct with another person

whom such employee or agent knows or reasonably should have known is contemporaneously:

(1) [e]nrolled as a student at a school of which he or she is an employee or agent[.]

In turn, OCGA § 16-12-100(a)(4) defines "sexually explicit conduct" as "actual or simulated: . . . (G) Physical contact in an act of apparent sexual stimulation or gratification with any person's unclothed genitals, pubic area, or buttocks or with a female's nude breasts."

Here, Edge was charged with improper sexual contact by an employee or agent in the first degree under OCGA § 16-6-5.1(b)(1). As we explained in *State v. Crumpton*, 369 Ga. App. 403, 406–07(2) (893 SE2d 816) (2023), the phrase "'the offense of improper sexual contact' is, as the wording clearly indicates, the name of the offense itself — *not a material element of the offense*. This offense is then defined in the statute by the actual material element of the offense: knowingly engaging in 'sexually explicit conduct' with another." Id. (emphasis supplied).

There was testimony that Edge cupped his hand and "grabbed [M. B.'s] butt" at track practice. But there is no evidence in the record that Edge touched M. B.'s *unclothed* buttocks necessary to meet the definition of sexually explicit conduct under OCGA § 16-12-100(a)(4). The State contends that evidence of Edge having touched M. B.'s thighs meets the definition of "pubic area" under OCGA § 16-12-100(a)(4).

We reject the State's argument on this point. The term "thigh" is a commonly and widely accepted term used to describe the upper leg, and if the legislature intended to include touching an unclothed thigh or upper leg within the definition of "sexually explicit conduct," it could have said so. But it did not.

The State also points to the testimony of the GBI special agent who investigated the case. The GBI agent testified that although Edge told her that he rubbed the back of M. B.'s leg, in the agent's opinion, the bus video showed Edge "not rubbing the back of her leg, it's more in the upper area *near* the vaginal area." But, again, the State's evidence is limited to evidence that Edge touched the upper area of M. B.'s leg *near* her pubic area, while not actually touching the pubic area. Finally, M. B. was clothed while on the bus, and OCGA § 16-12-100(a)(4)(G) requires that the physical contact be with "any person's *unclothed* genitals, pubic area, or buttocks …" Thus, there is no evidence that Edge committed improper sexual contact by an employee in the first degree as defined by the statute.

We note that under OCGA § 16-6-5.1(c), "[a] person commits the offense of improper sexual contact by employee or agent in the *second degree* when such employee or agent knowingly engages in sexual contact ..." (emphasis added). And "sexual contact" is defined as "any contact involving the intimate parts of either person for the purpose of sexual gratification of either person," while "intimate

5

parts" are defined as "the genital area, groin, inner thighs, buttocks, or breasts of a person." OCGA §§ 16-6-5.1(5) (intimate parts), (9) (sexual contact). Thus, while the evidence that Edge touched M. B.'s inner and upper thigh may have sustained a conviction for improper sexual contact by an employee or agent in the second degree, the State did not charge Edge with that offense. In this case, our reversal of the conviction for sexual contact by an employee or agent in the first degree due to insufficient evidence raises a procedural double jeopardy bar for that particular crime and the lesser-included offense of sexual contact by an employee or agent in the second degree. See *Prater v. State*, 273 Ga. 477, 481–82(4) (545 SE2d 864) (2001).

2. Because we reverse Edge's conviction for sexual contact by an employee or agent in the first degree, we do not address Edge's argument that his indictment for that offense was void.

Accordingly, we reverse Edge's conviction for sexual contact by an employee or agent in the first degree. We affirm Edge's conviction and sentence as to Count 1 as he did not challenge the sufficiency of the evidence as to that charge.

*Judgment affirmed in part and reversed in part. McFadden, P. J., and Watkins, J., concur.*