## S00A2068. COPPOCK v. THE STATE.
### (540 SE2d 187)

HUNSTEIN, Justice.

Maurice Coppock was convicted of murder and aggravated assault arising out of the shooting death of Madison Simmons. He appeals and we affirm.[1]

1. Viewed to support the verdict, the evidence at trial established that Madison Simmons was at home when Coppock came by to discuss a debt Coppock owed Simmons. Coppock came to the home with a lead pipe in his hand. Coppock and Simmons argued and Coppock hit Simmons with the pipe. Afterwards, when Simmons asked Coppock to leave, Coppock shot him once in the head. Coppock subsequently gave audiotaped and videotaped confessions in which he told police that he shot Simmons because he thought Simmons was reaching in his pocket for a weapon. The evidence adduced at trial was sufficient to enable a rational trier of fact to find Coppock guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Coppock contends the trial court erred by denying his motion to suppress his custodial statements. Coppock asserts that the waiver of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), was neither knowing nor intelligent due to the failure of the police to provide him medication to control his seizures and his alleged mental deficiency. We disagree. The trial court was entitled to give credit to the interrogating officer's testimony that at all times during the interrogation, Coppock appeared attentive and eager to tell his story, that he never indicated that he was in need of his medication, that he indicated he understood his rights and was willing to cooperate. Even the fact that an individual may be moderately retarded is not sufficient to exclude a statement. *Robinson v. State*, 272 Ga. 752 (4) (533 SE2d 718) (2000). Viewed as a whole, we conclude that the trial court's determination that the "mental dexterity" Coppock exhibited on the videotape, combined with stated factors, supports the court's conclusion that Coppock understood the rights as advised by the officer, waived them, and gave his statements voluntarily.

Coppock also argues that the statements were inadmissible

---

[1] The murder and assault occurred on December 5, 1998. Coppock was indicted in Jones County on February 3, 1999. On June 26, 1999, following a jury trial, Coppock was found guilty of malice murder and aggravated assault. He was sentenced that same day to a term of life imprisonment on the murder charge and twenty years on the aggravated assault charge, to run consecutive to the life sentence. Coppock filed a motion for new trial on July 22, 1999. On August 14, 2000, the trial court granted Coppock's motion to dismiss the motion for new trial. Coppock's notice of appeal was filed on August 17, 2000 in the Court of Appeals and transferred and docketed in this Court on September 5, 2000.

because they were obtained by trickery in that the officer was obliged to tell Coppock that the victim had died. Although Coppock had been informed prior to the interview that the victim had died, a review of statements made by Coppock during the interrogation reveals that he believed that the victim was alive. However, Coppock did not ask the officer about Simmons during the interview and since the officer did not make any representations to Coppock about Simmons in the hopes of procuring an untrue statement, there exists no error. Compare *State v. Ritter*, 268 Ga. 108 (1) (485 SE2d 492) (1997).

3. Coppock's final assertion that it was error for the jury to view a portion of the videotaped confession which implicated his character is waived inasmuch as no objection was lodged at trial. *Kyler v. State*, 270 Ga. 81 (7) (508 SE2d 152) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Donald W. Rogers*, for appellant.

*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.