## A01A1087. SULLIVAN v. THE STATE.
### (554 SE2d 217)

RUFFIN, Judge.

Anthony Wayne Sullivan pled guilty to one count of possession of marijuana over one ounce, and the trial court sentenced him to ten years, with five to serve in prison. In his sole enumeration of error on appeal, Sullivan contends that the trial court erred in considering evidence of an assault he allegedly committed, in aggravation of sentencing. For reasons that follow, we affirm.

On September 3, 1999, Sullivan was arrested for possessing marijuana, and he pled guilty to the offense on November 8, 1999. The trial court deferred sentencing Sullivan until a later date in order for the State to conduct a pre-sentencing investigation. Pending the completion of the investigation, the trial court permitted Sullivan to remain out of jail on bond.

The sentencing hearing took place on March 8, 2000. During the hearing, the State tendered evidence in aggravation of sentencing, including testimony that, while on bond, Sullivan struck his girlfriend, Sherry Clayton, with a baseball bat.[1] Sullivan's attorney objected to the introduction of this evidence on relevance and because the State did not have a certified copy of conviction. The trial court overruled the objection, permitting Clayton to testify regarding the incident. Although Sullivan denied hitting Clayton, the trial court evidently disbelieved him. Prior to announcing Sullivan's sentence, the trial court informed him:

> Well, in your case it would probably have been better if we had gone ahead and incarcerated you because I don't take it lightly that while you were out pending sentencing this Ms. Clayton underwent some traumatic injuries that could have even [sic] resulted in her death. It certainly resulted in some serious bodily harm to her. And I feel a great deal of responsibility to the citizens of this State when I have people come before me who admit their guilt and then they're out awaiting sentencing and if they go out and commit other offenses I don't take that very lightly. I think that reflects very seriously on what the Court has to do in these type of cases.

The trial court then sentenced Sullivan to ten years confinement, with five years to serve.

On appeal, Sullivan asserts that the trial court erred in relying upon his alleged assault of his girlfriend in imposing his sentence.

---

[1] The State also tendered, without objection, certified copies of several prior convictions in aggravation of sentencing.

According to Sullivan, a trial court may not consider such unindicted criminal charges in aggravation of sentencing. We disagree.

In determining what sentence to impose, a court is "authorized to consider in aggravation any *lawful evidence* which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes."[2] Moreover, "a prior crime may be proven in aggravation despite the lack of a conviction, so long as there has not been a previous acquittal."[3] Accordingly, the trial court was permitted to consider evidence that Sullivan struck his girlfriend, notwithstanding the fact that he had not been indicted for the crime.[4]

The case cited by Sullivan, *Sinkfield v. State*,[5] does not require a different result. In *Sinkfield*, the State tendered a prior indictment in aggravation of sentencing. The Supreme Court concluded that an indictment, alone, "is too much less than a conclusive determination of guilt to permit its use in aggravation of punishment."[6] Here, however, the State tendered more than a mere indictment. The State presented testimony from the alleged victim. As discussed above, in seeking enhanced punishment, the State may introduce evidence of a prior crime for which a defendant has not been convicted so long as there has not been an acquittal.[7] To do so, however, the State must introduce testimony to establish the offense rather than relying solely upon the indictment.[8] As Sullivan's girlfriend testified regarding the alleged assault, the trial court did not err in considering the crime in aggravation of sentencing.[9]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 13, 2001.

*Melodie S. Bedford*, for appellant.
*Herbert E. Franklin, Jr.*, District Attorney, *Elizabeth O. Evans*, Assistant District Attorney, for appellee.

---

[2] (Punctuation omitted; emphasis in original.) *Phillips v. State*, 241 Ga. App. 689, 690 (527 SE2d 283) (1999).

[3] *Isaacs v. State*, 259 Ga. 717, 728 (16) (b) (386 SE2d 316) (1989).

[4] See *Demetrios v. State*, 246 Ga. App. 506, 510 (541 SE2d 83) (2000).

[5] 262 Ga. 239 (416 SE2d 288) (1992).

[6] Id. at 240 (2).

[7] See *Isaacs*, supra.

[8] See *Jefferson v. State*, 256 Ga. 821, 827 (8) (b) (353 SE2d 468) (1987).

[9] Id.