## A02A1927. PRATHER v. THE STATE.
(576 SE2d 904)

ADAMS, Judge.

After a jury trial, Sean Prather was convicted of voluntary manslaughter, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. He now appeals the trial court's denial of his motion for new trial.

Viewed in the light most favorable to the jury's verdict, the evidence showed that Prather and the victim, Keith Hampton, frequented a house on Murray Street in Newnan. Tensions arose between the two men when they argued over a videogame and allegations of stealing. On the night of March 23, 2001, Prather threatened to kill Hampton. The next evening, March 24, Prather and Hampton got into an altercation at the Murray Street house, and Hampton slapped Prather in the face. Several eyewitnesses testified that Hampton was not armed at the time. Prather ran away, and Hampton chased him for a while. Both men later returned, but when Prather came back, he was carrying a sawed-off shotgun. He told Hampton's girlfriend to tell Hampton that "it's on," which she interpreted to be a threat. When Prather later found Hampton, he aimed the gun at him. The two argued for a while, and when Hampton challenged Prather to shoot him, the gun went off striking Hampton in the neck and chest. Eyewitnesses testified that Hampton was unarmed and that he had made no threatening moves toward Prather at the time of the shooting.

Prather produced his sister's testimony that she saw Hampton carrying a gun on March 24 and that she heard him threaten to kill Prather. Prather testified that when Hampton slapped him "upside the head," he had a gun in his hand. He said that he ran from Hampton because he was scared. He also stated that Hampton had pulled a gun on him before. Prather said he got the sawed-off shotgun that he used against Hampton from a friend for protection. He said that he later ran into Hampton, who challenged him to shoot, and the gun just went off by accident. He denied ever threatening to kill Hampton.

1. Prather asserts that a fatal variance exists between his indictment and the evidence at trial on the charge of possessing a firearm during the commission of a crime. The indictment originally charged him with murder and with possessing a firearm during the commission of that murder under OCGA § 16-11-106 (b). The jury found him

guilty of the lesser included offense of voluntary manslaughter, as well as guilty of the possession of a firearm charge. Prather asserts that he could not be found guilty of possession of a firearm during the commission of a murder, when the jury found him guilty only of voluntary manslaughter.

"It is axiomatic that, where the evidence is sufficient to support a conviction, an accused may be convicted of a crime included ·in the crime charged in the indictment, without the necessity of the lesser included crime's being specifically charged." (Citations omitted.) *Collins v. State*, 164 Ga. App. 482, 483 (1) (297 SE2d 503) (1982). Accordingly, the jury was authorized to convict Prather of the lesser included offense of voluntary manslaughter on Count 1 of the indictment, even though that count charged murder.

But the voluntary manslaughter conviction was mutually exclusive of a conviction for possession of a firearm during the commission of murder, and thus Prather could not be convicted of the crime as alleged in the indictment. See *Kimble v. State*, 236 Ga. App. 391, 395 (1) (512 SE2d 306) (1999); *Harrison v. State*, 213 Ga. App. 366, 368 (3) (444 SE2d 613) (1994). A question remains, however, as to whether the jury was authorized to convict Prather of possession of a firearm during the commission of voluntary manslaughter. In *Harrison v. State*, the defendant was charged with armed robbery and possession of a firearm during the commission of armed robbery under OCGA § 16-11-106 (b). The jury convicted him of the lesser included offense of theft by taking, but also convicted him of possession of a firearm during the commission of a felony. The evidence at trial revealed that the amount taken was less than $100. Thus, the theft conviction was a misdemeanor, not a felony. Because OCGA § 16-11-106 (b) requires proof of an underlying felony, this Court found that the jury was not authorized to convict the defendant on the possession charge based upon the lesser included misdemeanor conviction. *Harrison v. State*, 213 Ga. App. at 368 (3).[1]

We could find no authority, however, specifically addressing the issue of whether a defendant charged with possession of a firearm during the commission of a specific felony could be found guilty of possession of a firearm when he was convicted of a lesser included felony. But we need not reach that issue in this case, because we find that the jury charge authorized the jury to convict Prather of possessing a firearm only during the commission of murder. The trial court charged the jury that the elements of possessing a firearm dur-

---

[1] See also *Crowder v. State*, 241 Ga. App. 818, 821 (3) (b) (527 SE2d 901) (2000) (holding that it was error for the trial judge to charge the jury that it could find the defendant guilty of possession of a firearm during the commission of a felony other than that alleged in the indictment and that was not an included offense).

ing the commission of a crime required proof of a felony, and then noted that murder is a crime defined as a felony. Voluntary manslaughter, although discussed earlier in the charge, was not mentioned in the context of the possession charge and was never defined for the jury as a felony.

In the analogous situation of a felony murder, which also requires proof of an underlying felony, our Supreme Court held that "a felony which is an included offense of another felony which is charged in an indictment may constitute the underlying felony upon which conviction of felony murder may be grounded, given adequate proof and *correct jury instructions*." (Emphasis supplied.) *Dillard v. State*, 251 Ga. 858, 859 (2) (310 SE2d 518) (1984). The Supreme Court then explained that "[c]orrect jury instructions must identify the included offense as a felony, and must specify its essential elements, as well as the elements of felony murder." Id. See also *Prater v. State*, 273 Ga. 477, 479 (2) (545 SE2d 864) (2001).

Here, there was no instruction identifying voluntary manslaughter as a felony, and thus the possession charge could not be based on that offense. Accordingly, the conviction of possession of a firearm during the commission of a crime must be reversed.

2. Prather also contends that there was insufficient evidence to support his conviction. We find that the evidence at trial was sufficient for a rational trier of fact to find Prather guilty beyond a reasonable doubt of the remaining charges against him. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bracewell v. State*, 243 Ga. App. 792, 794 (1) (534 SE2d 494) (2000).

3. Prather further asserts that the trial court erred in allowing the state to introduce evidence of a sawed-off shotgun found at his home, when that shotgun was unrelated to the crime. He argues that the prejudicial effect of that evidence outweighed any probative value.

"The admission of evidence is a matter committed to the sound legal discretion of the trial judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion." (Citation and punctuation omitted.) *Ginn v. State*, 251 Ga. App. 159 (1) (553 SE2d 839) (2001). "Unless the potential for prejudice substantially outweighs the probative value, Georgia law favors the admission of relevant evidence, no matter how slight its probative value." (Citation omitted.) *Anderson v. State*, 238 Ga. App. 866, 874-875 (6) (519 SE2d 463) (1999).

The state argues that the evidence was relevant to respond to Prather's claim that the sawed-off shotgun used against Hampton went off by accident because it demonstrated Prather's familiarity with such weapons. On that basis, we cannot say that the trial court abused its discretion in admitting the second shotgun into evidence.

4. Prather also argues that his trial counsel provided ineffective assistance because he failed to call a number of witnesses to testify to prior violent acts by Hampton and other residents of the Murray Street house.

"In making this determination, [the appellate courts apply] the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the convicted defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense." (Citation omitted.) *Carr v. State*, 275 Ga. 185, 187 (5) (563 SE2d 850) (2002). "Generally, the decision as to which defense witnesses to call is a matter of trial strategy and tactics which do not constitute ineffective assistance of counsel." (Citation omitted.) *Roundtree v. State*, 257 Ga. App. 810, 814 (3) (572 SE2d 366) (2002).

But even if we assume that Prather could establish that his trial counsel's performance was insufficient, he failed to produce the witnesses or their affidavits at the hearing on the motion for new trial, and thus did not "present any probative evidence that [they] would have testified for [the defense] or that, if so, [their] testimony . . . would have been exculpatory." *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999). To the extent that Prather testified as to what the witnesses would have said, such testimony was hearsay. Id. "Without a proper proffer of the testimony, [Prather] cannot show a reasonable probability that the missing witness' appearance at trial would have resulted in a different verdict. Thus, even assuming counsel's deficiency . . . , there was no showing of any resulting prejudice." (Citation omitted.) *Strong v. State*, 275 Ga. 465, 466 (2) (a) (569 SE2d 523) (2002).

5. In addition, Prather argues that his statement to police should not have been admitted at trial because it was induced by trickery. He asserts that the police officers deceived him by failing to tell him that Hampton was dead, and thus that he could be charged with murder, at the time they questioned him.

But in a similar case, the Supreme Court of Georgia decided this issue adversely to Prather's position. In *Coppock v. State*, 273 Ga. 324, 325 (2) (540 SE2d 187) (2001), the defendant had been told about the victim's death prior to the police interview,[2] but apparently did not believe it. The Supreme Court held that where the defendant did not ask about the victim during the interview and where the officer did not make any representations to him about the victim in the hopes of procuring an untrue statement, no error occurred. Id. Compare *State v. Ritter*, 268 Ga. 108 (1) (485 SE2d 492) (1997).

---

[2] It is unclear from the opinion who informed him of the victim's death.

Similarly, Prather does not contend that he inquired about Hampton during the interview or that the police actively misrepresented that Hampton was alive. Accordingly, we find no error in the trial court's admission of Prather's statement.

6. Prather next asserts that the trial court erred in considering inadmissible matters in connection with his sentencing. He asserts that it was error for the trial court to consider a prior outstanding aggravated assault charge because the state introduced no evidence of the charge. Instead, the prosecutor merely referenced it in a pretrial colloquy with the court and later in his argument regarding sentencing. While we agree that the trial court could not properly consider a prior pending criminal charge in the absence of testimony establishing the prior offense,[3] we find that Prather waived this argument when he failed to raise an objection during sentencing. See *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994); *Eddleman v. State*, 247 Ga. App. 753, 754 (3) (545 SE2d 122) (2001).

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 5, 2003.

*Kam & Ebersbach, Brian D. Lewis*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.

---

[3] See *Sinkfield v. State*, 262 Ga. 239, 240 (2) (416 SE2d 288) (1992); *Isaacs v. State*, 259 Ga. 717, 728 (16) (b) (386 SE2d 316) (1989); *Sullivan v. State*, 251 Ga. App. 187, 188 (554 SE2d 217) (2001).