## A10A1800. JONES v. THE STATE.
### (706 SE2d 105)

Barnes, Presiding Judge.

D'Morrio Jones appeals from the dismissal of his motion to withdraw his guilty plea of voluntary manslaughter and possession of a firearm during the commission of a crime. Jones contends that he was entitled to withdraw his guilty plea as a matter of right because his sentence was void, as the trial court sentenced him to the lesser included offense of voluntary manslaughter, and his possession charge was predicated on a murder charge. We disagree.

On February 7, 2006, Jones was charged with malice murder and possession of a gun during the commission of a crime after he shot and killed his wife. Jones claimed that he and the victim were arguing over the gun when she was shot. He entered a negotiated plea of guilty to the lesser included offense of voluntary manslaughter and possession of a firearm during the commission of a crime. The possession count charged that Jones "did unlawfully have a firearm within arm['s] reach of his person, during the commission of a felony, to wit: Murder." He was sentenced to twenty years on the voluntary manslaughter charge and five years on the possession charge, to be served consecutively.

On February 19, 2010, Jones filed a motion to withdraw his guilty plea, contending that his possession conviction was illegal and void because he was "acquitted" of the murder charge, the basis of his possession conviction. The trial court denied the motion, finding that it was without jurisdiction because the motion was filed "after the term of court in which the judgment of conviction was rendered." As a rule, "[a] defendant . . . has an absolute right to withdraw his plea before sentence is pronounced." *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007). See OCGA § 17-7-93 (b). Since a void sentence is the same as no sentence at all, the defendant stands in the position of having pled guilty and not having been sentenced, and so may withdraw his guilty plea as of right before re-sentencing, even following the expiration of the term of court in which the void sentence was pronounced. *Kaiser*, 285 Ga. App. at 65-66 (1). If Jones's sentence was void, therefore, his motion was timely and he

had a right to withdraw his guilty plea.

> A sentence is void if the court imposes punishment that the law does not allow. A judgment of conviction and a sentence imposed on that conviction are void if the offense is included as a matter of law or fact in another crime for which the defendant was convicted and sentenced. That is not the situation presented by the case at bar since possession of a firearm during the commission of a felony does not merge into a conviction for [voluntary manslaughter]. . . . Since the sentences imposed by the trial court are punishment the law allows, the sentences are not void.

*Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008).

Although Jones argues that our decision in *Prather v. State*, 259 Ga. App. 441 (1) (576 SE2d 904) (2003), mandates a different result, in *Prather* we found mutually exclusive the guilty verdict for possession of a firearm during the commission of murder and the guilty verdict for the lesser included offense of voluntary manslaughter because the trial court's jury instructions authorized the jury to convict on the possession charge only if the gun was possessed during the commission of murder as specified in the indictment.

We noted, however, that given the facts in *Prather*, we were not required to specifically address "the issue of whether a defendant charged with possession of a firearm during the commission of a specific felony could be found guilty of possession of a firearm when he was convicted of a lesser included felony." Id. at 443 (1). We concluded that, because the jury instruction did not identify voluntary manslaughter as a felony, the conviction of possession of a firearm during the commission of a felony must be reversed. Id.

So too here, we need not reach the broader issue of whether a defendant charged with possession of a firearm during the commission of a specific felony could be found guilty of possession of a firearm when he is convicted of a lesser included felony, because Jones's sentence for possession was based on a negotiated plea of guilty to the lesser included offense of voluntary manslaughter. He also pled guilty to the possession charge. He was fully apprised that the voluntary manslaughter charge he was pleading to was a felony, and that his possession of a firearm conviction was based on the voluntary manslaughter plea.

Thus, as Jones's sentence was not void, and he did not move to withdraw his plea until February 19, 2010, which was well beyond the term of court in which he was sentenced — November 27, 2006 — the trial court did not err in dismissing his motion for lack of jurisdiction. See OCGA § 15-6-3 (14) (E) (Troup County Superior

Court terms commence in February, May, August, and November). "[I]t is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea." *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008). At this point, the proper recourse is through habeas corpus proceedings. Id. at 376, n. 1.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED FEBRUARY 4, 2011 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

D'Morrio Jones, *pro se*.

*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.