## A11A0003. SPENCER v. THE STATE.
### (710 SE2d 837)

BARNES, Presiding Judge.

In the middle of his trial on numerous felonies in 1999, Anthony Bernard Spencer entered into negotiated pleas of guilty and was sentenced to a total of 40 years to serve. In March 2010, he filed motions to withdraw his plea and for an out-of-time appeal. The trial court denied the motion for an out-of-time appeal because Spencer had not demonstrated he was entitled to a direct appeal from his guilty pleas. The court also dismissed Spencer's motion to withdraw the plea because it was not filed during the term of court in which the judgment on the convictions was entered. Spencer appeals, and for the reasons that follow, we affirm.

1. Spencer contends that the trial court should have held a hearing on his motion for an out-of-time appeal, and that his right to an appeal was frustrated by his trial counsel's ineffective assistance. The trial court was not required to hold an evidentiary hearing, however, because Spencer was not entitled to a direct appeal from his guilty pleas based on the existing record, as discussed infra. *Upperman v. State*, 288 Ga. 447, 448 (2) (705 SE2d 152) (2011).

> Since [Spencer] had no right to file even a timely notice of appeal from the judgment of conviction entered on this guilty plea, he was not entitled to be informed of a non-existent "right" to appeal. It follows that the trial court correctly denied [Spencer's] motion to file an out-of-time appeal in this case. [Spencer's] only available remedy is habeas corpus.

*Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995).

2. While Spencer argues the merits of his motion to withdraw his plea, he had no right to a direct appeal from his guilty plea. As a rule, "[a] defendant . . . has an absolute right to withdraw his plea before sentence is pronounced." *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007). See OCGA § 17-7-93 (b). "But, the trial court loses jurisdiction if the motion to withdraw the plea is not made within the term in which the plea is entered and the defendant sentenced." *McKiernan v. State*, 286 Ga. 756, 757 (692 SE2d 340) (2010). An exception exists if a defendant challenges a void sentence, because if the sentence is void, the defendant stands in the position of having pled guilty but not sentenced. *Kaiser*, 285 Ga. App. at 65-66 (1). In that case, the defendant may withdraw his guilty plea as of right, even following the expiration of the term of court in which the void sentence was pronounced. If Spencer's sentence was void, therefore, his motion was timely, and he had a right to withdraw his guilty plea.

A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). If the sentence falls within the statutory range of punishment allowed, it is not void. Id. Upon Spencer's entry of guilty pleas to multiple offenses, including three counts of kidnapping, the trial court accepted the State's recommendation and sentenced him to 20 years for each kidnapping count, to be served concurrently with his 20-year sentences for armed robbery. In 2000, the offense of kidnapping when the victim was 14 or older carried a maximum sentence of 20 years. See OCGA § 16-5-40 (b) (1) (2007). As Spencer's sentence fell within the statutory range, it was not void, and therefore the trial court properly dismissed the motion to withdraw the plea because it had no jurisdiction to consider it. *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008), overruled in part on other grounds, *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010); *Jones v. State*, 307 Ga. App. 714, 715 (706 SE2d 105) (2011). Spencer's only recourse regarding the merits of his kidnapping conviction is through habeas proceedings. *Richardson v. State*, 306 Ga. App. 269 (1) (701 SE2d 908) (2010).

Spencer's argument on appeal that his aggravated assault convictions should have been merged into his armed robbery convictions is a challenge to his conviction, not the sentence; thus, the failure to merge would not render the sentence void. See *Williams v. State*, supra, 287 Ga. at 192.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MAY 19, 2011.

Anthony B. Spencer, *pro se.*

*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Anece Baxter White, Assistant District Attorneys*, for appellee.

