# Court of Appeals
# of the State of Georgia

ATLANTA,___July 23, 2014_____

*The Court of Appeals hereby passes the following order:*

**A14A1997.  ANTHONY SPENCER v. THE STATE.**

In 1999, Anthony Spencer entered a negotiated plea to several counts of armed robbery, kidnapping, aggravated assault, and possession of a firearm by a convicted felon.  He was sentenced to a total of 40 years.  Spencer filed a motion for out-of-time appeal and to withdraw his plea, and we affirmed the trial court's denial of his motions.  See *Spencer v. State*, 309 Ga. App. 630 (710 SE2d 837) (2011). In 2013, Spencer filed a motion to vacate his sentence, arguing that his sentence was void under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), which redefined the asportation element of kidnapping.   The trial court denied his motion, and he filed this direct appeal.  We lack jurisdiction.

A direct appeal lies from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Here, Spencer's argument is a challenge to his convictions, not to his sentence.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _07/23/2014_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*