**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 26, 2016**

# In the Court of Appeals of Georgia

A16A1088. CHARLES v. THE STATE.

PHIPPS, Presiding Judge.

Trey Charles challenges the rejection of his request to withdraw his guilty plea. Because Charles has failed to demonstrate that he was entitled to such relief, we affirm.

Accused of using a handgun to take property from the person of another, Charles was indicted in DeKalb County Superior Court as follows: Count 1 – armed robbery; Count 2 – aggravated assault; and Count 3 – possession of a firearm during the commission of a felony. Represented by counsel, Charles pled guilty to the reduced offense of robbery, aggravated assault, and firearm possession during the

commission of a felony; Charles also asked to be treated under the First Offender Act.[1]

On December 9, 2014, the court sentenced Charles pursuant to that Act,[2] imposing upon him: (i) for Count 1 – fifteen years to serve ten; (ii) for Count 2 – fifteen years to serve ten, concurrently with the sentence imposed for Count 1; and (iii) for Count 3 – five years to serve on probation, consecutively to the sentences imposed for the other two counts.

A few months later, pro se, Charles sent a letter to the Clerk of the DeKalb County Superior Court. Therein, Charles asserted, "Ive [sic] had time to think. I do not agree with this plea. . . . I wish to withdraw my guilty pled [sic]."

After obtaining new counsel, Charles pursued the following three motions in the sentencing court. On September 20, 2015, Charles filed a "Motion to Vacate Illegal Conviction," asserting,

---

[1] OCGA § 42-8-60 et seq.

[2] See OCGA § 42-8-60 (a) ("When a defendant has not been previously convicted of a felony, the court may, upon a guilty verdict or plea of guilty or nolo contendere and before an adjudication of guilt, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and: (1) Place the defendant on probation; or (2) Sentence the defendant to a term of confinement.").

This Court sentenced Mr. Charles for both armed robbery and aggravated assault. The charged aggravated assault was for pointing a deadly weapon at [the victim]. But as the facts of this case make clear, such pointing was done simultaneously with, and simply to accomplish, the armed robbery. In these circumstances, the two charges must merge. . . . Mr. Charles urges this Court to vacate his illegal sentence.[3]

In a subsequent pleading, Charles sought a ruling on what he asserted was his original request to withdraw his guilty plea – his letter to the clerk. In such subsequent pleading, captioned "Amended Motion to Withdraw Guilty Plea," Charles claimed that due to his plea counsel's ineffectiveness, "his guilty plea was not knowing and voluntary"; and that had he understood "the true nature of the plea he was being asked to make, he would have rejected the guilty plea and proceeded to trial."

---

[3] (Internal citations omitted.)

3

In a third motion, Charles sought an out-of-time appeal for the purpose of pursuing the merger issue.[4] According to Charles, such issue could be resolved by facts appearing of record.[5]

The sentencing court convened an evidentiary hearing, at which Charles and his plea counsel took the stand. Charles testified that, when he pled guilty, he was of the understanding that he was pleading guilty *only* to the reduced charge of robbery; that he was not then aware that he was pleading guilty also to aggravated assault and to firearm possession; that he further had believed that being sentenced as a first

---

[4] See generally OCGA § 17-10-1 (f) ("Within one year of the date upon which the sentence is imposed, . . . the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed."); *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) ("When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited. The sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence.") (citation and footnotes omitted).

[5] See generally *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013) (explaining that a merger claim may be considered on direct appeal); *Smith v. State*, 287 Ga. 391, 402 (3) (697 SE2d 177) (2010) ("A direct appeal – timely or untimely – from a guilty plea is available only if the issue on appeal can be resolved by facts appearing in the record.") (citation and punctuation omitted); *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995) ("An out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken. However, an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.").

offender meant that he would serve *no* prison time because "I was going to get straight probation"; and that, had he known otherwise, he would have gone to trial. Charles was specifically asked at the motion hearing, "Did your attorney consult with you about what a first offender sentence is?" Charles answered, "No, not really." Charles reiterated, "I thought first offender meant straight probation. That's the only reason why I took the plea because of first offender."

When Charles's plea counsel took the stand at the motion hearing, he gave a different account. He testified that, during plea negotiations, he discussed with Charles the specifics of the state's offer, including that the armed robbery charge would be reduced to robbery, but that neither the aggravated assault nor the firearm possession charge would get reduced, dismissed, nolle prossed, or otherwise "go away." Plea counsel testified that, during plea negotiations, he had discussed with Charles the sentencing aspect of the state's offer. Plea counsel was specifically asked at the motion hearing, "Did you ever have a discussion with him that first offender sentence did not mean straight probation?" The attorney answered, "Absolutely," recalling having had multiple conversations with Charles about first offender sentencing. Plea counsel testified that he had advised Charles that a "first offender plea" did *not* necessarily mean no prison time. Plea counsel went on to testify that he

5

had specifically informed Charles that in his particular case, the state had offered to recommend, as plea counsel summarized at the motion hearing: "fifteen to do ten on the robbery and the aggravated assault, and the gun charge had to run consecutive."

At the close of the evidence, the prosecutor sought confirmation that "the plea transcript is considered part of the record," and the court responded, "Yes, Ma'am." Thereafter, on December 23, 2015, the sentencing court entered a detailed order on Charles's three motions: (i) rejecting his request to withdraw his guilty plea; (ii) granting his request to merge the aggravated assault count into the robbery count for sentencing purposes (explicitly vacating the aggravated assault sentence); and (iii) denying Charles's motion for an out-of-time appeal as moot.[6]

In his sole claim of error on appeal, Charles contends that the sentencing court should have allowed him to withdraw his guilty plea. For reasons explained below, Charles has demonstrated no reversible error.

---

[6] In its order, the sentencing court explained, "The motion for out of time appeal is based upon the allegation that the sentences for aggravated assault and robbery should have merged. As this Court has vacated the sentence for aggravated assault due to the merger. . . , the motion for out of time appeal is hereby DENIED as moot." Indeed, at the motion hearing, Charles's post-conviction counsel posited to the court that "the motion for an out-of-time appeal should be granted, and/or this court could just vacate the illegal aggravated assault conviction on the grounds that it should have merged."

6

Charles's request to withdraw his guilty plea was rejected on procedural and substantive grounds. The sentencing court explained in its order that Charles's motion was procedurally inept because Charles had failed to establish that his motion was timely filed. As a general rule, "a defendant must file a post-sentencing motion to withdraw a guilty plea in the same term in which he was sentenced. After the expiration of that term, the trial court lacks jurisdiction to allow the withdrawal of the plea."[7] Charles was initially sentenced by the DeKalb County Superior Court on December 9, 2014, during that court's November 2014 term.[8] Charles filed his "Amended Motion to Withdraw Guilty Plea" on September 20, 2015, characterizing his earlier letter to the clerk as his original motion to withdraw his guilty plea. Even accepting arguendo Charles's contention that the letter constituted a motion to the

---

[7] *Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007); see *McGee v. State*, 296 Ga. 353 (1) (765 SE2d 347) (2014) ("[W]hen the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.") (citation and punctuation omitted); *Grady v. State*, 311 Ga. App. 620, 621 (716 SE2d 747) (2011) ("A motion to withdraw a guilty plea must be filed within the term of court in which the sentence was imposed.") (citations omitted).

[8] See OCGA § 15-6-3 (37) (2014) (providing that the terms of the DeKalb County Superior Court commence on the "[f]irst Monday in January, March, May, July, September, and November").

superior court,[9] that document was filed on Monday, January 5, 2015 – thus, *after* the term of court during which Charles was sentenced.[10]

Relying upon an exception to the general rule, Charles urges on appeal that his (amended) motion to withdraw his guilty plea was nevertheless timely presented to the sentencing court. He points out that in its December 23, 2015 order, the sentencing court granted his "Motion to Vacate Illegal Conviction," thereby explicitly vacating his sentence for aggravated assault and merging that count into the (armed) robbery count. Those circumstances, Charles argues, invoke the exception: "Where a void sentence has been entered, it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced. And pursuant to OCGA § 17-7-93 (b),[11] the defendant may withdraw his

---

[9] See generally *McKiernan v. State*, 286 Ga. 756-759 (692 SE2d 340) (2010) (explaining that defendant's letter to the trial judge – asking to withdraw his guilty plea and requesting the court to appoint new counsel for trial, which letter was filed in the clerk's office of the sentencing court – should have been treated as a motion to withdraw guilty plea).

[10] See OCGA § 15-6-3 (37) (2014).

[11] (providing in pertinent part, "At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'").

plea as of right prior to [re-]sentencing,"[12] – "even following the expiration of the term of court in which the void sentence was pronounced."[13]

Charles does not assert, and the record does not establish, that Charles argued this exception to the sentencing court.[14] But even accepting arguendo Charles's position that his initial aggravated assault sentence was "void"[15] such that his (amended) motion to withdraw his guilty plea was properly before the sentencing court,[16] Charles has failed to demonstrate error in the court's (alternative) conclusion

---

[12] *Kaiser*, supra at 66 (1).

[13] *Hallford v. State*, 289 Ga. App. 350, 351 (1) (657 SE2d 10) (2008); see *Kaiser*, supra at 68-69 (1).

[14] *Hulett v. State*, 296 Ga. 49, 58 (4) (766 SE2d 1) (2014) ("[A]n appellant is limited on appeal to the grounds which he properly presented in the trial court.") (citation and punctuation omitted).

[15] "[A] sentence is void if the court imposes punishment that the law does not allow[,]. . . most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas*, supra at 572-573 (2) (citations and punctuation omitted)." Compare *Spencer v. State*, 309 Ga. App. 630, 631 (2) (710 SE2d 837) (2011) (determining that because sentence was within statutory range, it was not void; thus, appellant had no absolute right to withdraw his guilty plea), with *Franks v. State*, 323 Ga. App. 813, 814 (748 SE2d 291) (2013) (determining that, because sentence was outside statutory range, it was void; thus, appellant had absolute right to withdraw his guilty plea before re-sentencing).

[16] Charles cites that *State v. Hudson*, 293 Ga. 656, 660 (748 SE2d 910) (2013) recognizes that "[w]here [a sentencing] scheme unravels due to elimination of some of the original counts, the judge should be given a wide berth to fashion a new

9

that his motion lacked substantive merit. In that regard, the sentencing court

explained in the order:

---

sentence that accurately reflects the gravity of the crimes for which the defendant is being resentenced") (citation omitted). See, however, *Nazario*, supra at 488 (2) (d) (explaining that "a merger claim cannot be considered in a free-standing 'motion to vacate a sentence and/or vacate a conviction as void or pleadings of a similar nature'"; rather, "a merger claim must come before the court in a type of proceeding in which criminal convictions may be challenged") (citation omitted); *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) (concluding that "[appellant's] claim of failure to merge . . . is a challenge to his criminal conviction and a motion to correct illegal sentence or conviction is not an appropriate remedy to attack a conviction in a criminal case"), cited in *Nazario*, supra at 484 (2) (b), n. 2 for the proposition that "merger claims are claims that convictions (as well as the resulting sentences) are void and thus cannot be raised in a free-standing motion to vacate void sentence"); *Gholston v. State*, 327 Ga. App. 790, 791 (761 SE2d 189) (2014) (rejecting appellant's contention that his motion to withdraw guilty plea "was timely because he was challenging his sentence as void, and a void sentence can be challenged at any time," explaining that "[appellant's] claim that his convictions for armed robbery and robbery by force should have merged is a claim challenging his convictions and not a claim that his resulting sentence was void" and that "a sentence is not void if it falls within the statutory range of punishment") (citations and punctuation omitted). See also *Simmons v. State*, 315 Ga. App. 82, 84 (2) (726 SE2d 573) (2012) (determining that the appellant, "having availed himself of the First Offender Act, did not retain the right to withdraw his guilty plea as a matter of right pending entry of an adjudication of guilt"); *Spencer*, supra at 630-631 (2) (rejecting appellant's contention that his original "sentence was void, therefore, his motion [to withdraw his guilty plea] was timely, and he had a right to withdraw his guilty plea," explaining that appellant's argument that "his aggravated assault conviction should have been merged into his armed robbery convictions [was] a challenge to his conviction, not the sentence; thus, the failure to merge would not render the sentence void") (citation omitted).

10

Regardless [of the timeliness issue pertaining to Charles's (amended) motion], upon review of the evidence presented at the hearing, the guilty plea transcript, and this Court's recollection of the plea, the guilty plea entered by Defendant Charles was entered knowingly, intelligently and voluntarily. When the plea was entered by the Defendant the Defendant was clearly informed of what the State's recommendation of sentence was. Additionally, the Court directly informed the Defendant of what charges to which he was entering a plea of guilty. Lastly, the Defendant was instructed to begin his sentence by reporting to the DeKalb County Jail no later than December 26, 2014 at 5:00 p.m. Consequently, this Court finds that the Defendant's testimony at the motion hearing was not credible. Further, the Defendant has failed to establish any manifest injustice or that he received ineffective assistance of counsel.[17]

These findings are amply supported by the record. When Charles entered his guilty plea on December 9, 2014, he was 25 years old. At the start of the plea hearing, the prosecutor presented a factual basis of the underlying criminal incident that had occurred about two years prior, on October 12, 2012. Next, Charles took the stand and was asked by the prosecutor whether he understood that the state's plea offer included: "a sentence of fifteen years to serve ten as to Court 1, ten years to serve as to Count 2 concurrent with Count 1, and five years probation as to Count 3 to be

---

[17] (Internal citations omitted.)

served consecutive to Counts 1 and 2...?" Charles answered, "Yes, Sir." Charles then testified about the details of the underlying criminal incident, after which the prosecutor revisited:

> Q: Mr. Charles, do you understand that the District Attorney has made the following recommendations?
> A: Yes, Sir.
> Q: A plea to Count 1 reduced to robbery from armed robbery?
> A: Yes, Sir.
> Q: With a sentence of fifteen years to serve ten as to that reduced Count 1. A sentence of ten years to serve as to Count 2 to run concurrent to the sentence in count 1?
> A: Yes, Sir.
> Q: And a sentence of five years probation as to Count 3 to run consecutively to Counts 1 and 2, for a total sentence of twenty years to serve ten on robbery, as opposed to armed robbery, aggravated assault, and possession of a firearm during commission of a felony. . . ?
> A: Yes, Sir.
> Q: Do you understand that?
> A: Yes, Sir.
> . . .
> Q: And knowing all this, it's still your intention to plead guilty?
> A: Yes, Sir.

Thereupon, the court's pronouncement of sentence pertinently included:

The court approves your request for first offender treatment, and therefore withholds any formal adjudication of guilt, and sentences you under the First Offender Act on Count 1 for robbery to fifteen years to serve ten years in custody and the rest on probation, on Count 2 for aggravated assault . . . fifteen to do ten on the aggravated assault, too, to run concurrently. And five years on probation on Count 3 to run consecutively. . . . You'll report to the DeKalb County jail no later than December 26th at 5:00 p.m.

Thereafter, the court asked Charles, "Do you understand what I'm saying?" Charles answered, "Yes, Sir." The court then broadly asked, "Do you have any questions?" Charles replied, "No, Sir."

Although Charles later testified (in support of his Amended Motion to Withdraw his Guilty Plea) that, due to his plea counsel's ineffectiveness, he was under the misapprehension that he was pleading guilty *only* to robbery and that he would serve *no* prison time because any sentence imposed would be fully probated, the sentencing court was neither obligated to accept Charles's testimony as credible, nor required to reject the account given by plea counsel.[18]

---

[18] See *Silvey v. State*, 335 Ga. App. 383, 394 (3) (a) (780 SE2d 708) (2015) ("[W]hen considering claims of ineffectiveness of counsel, the trial judge determines witness credibility and is not required to accept the defendant's version of events.") (citation and punctuation omitted); *Biggins v. State*, 322 Ga. App. 286, 291 (3) (a) (744 SE2d 811) (2013) (same); *Lawton v. State*, 285 Ga. App. 45, 47 (645 SE2d 571)

In light of the foregoing, Charles has failed to demonstrate that he was entitled to withdraw his guilty plea, and we will therefore not disturb the judgment entered against him.[19]

*Judgment affirmed. Dillard and Peterson, JJ., concur.*

---

(2007) (noting that "the trial court, which sat as the finder of fact for purposes of the . . . hearing, was entitled to disbelieve" the defendant).

[19] See generally *Barron v. State*, 297 Ga. 706, 707 (2), n. 3 (777 SE2d 435) (2015) ("Harm as well as error is required for reversal.") (citation omitted).