# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1406. DANIELS v. THE STATE.**

Alvin Daniels entered a negotiated plea of guilty to aggravated battery and criminal attempt to commit the murder of his wife, Laura Daniels, by stabbing her multiple times with a knife. He was sentenced as a recidivist. This is the second time Daniels has come before this Court related to this matter. In the case's first appearance here, in an unpublished opinion, we reversed the denial of Daniels' motion for out-of-time appeal, and remanded the case for resentencing, finding that his convictions should have merged. See *Daniels v. State*, Case No. A17A0689 (Decided August 10, 2017). On October 27, 2017, Daniels renewed his motion to withdraw his guilty plea, which the trial court denied. He then filed the instant appeal, in which he argues that he received ineffective assistance of counsel at his plea, did not knowingly enter a plea, and is entitled to withdraw his plea as of right because his sentence was void.

If a void sentence has been entered, prior to resentencing, a defendant may withdraw a guilty plea as of right, even outside the term of court in which the initial sentence occurred. *Charles v. State*, 338 Ga. App. 688, 692 (791 SE2d 584) (2016). Accord *Murray v. State*, 314 Ga. App. 240, 241-242 (723 SE2d 531) (2012) (finding that because only two of defendant's sentences were found void based upon merger issues, and were vacated, he was not entitled as of right to withdraw his guilty plea to remaining three counts which had not been vacated). Even if the attempted murder sentence is void, the aggravated battery sentence is not void. Here, the record contains nothing indicating when or whether Daniels' sentence(s) was/were vacated, and contains no written disposition on resentencing with the merged counts. See *Bass v.*

*State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007) (where trial court does not enter a written sentence or written notation of merged counts for sentencing purposes, a case is unripe for appeal). We thus remand the case for entry of a written sentence, or written order, indicating the merger of the counts as appropriate. See *Zamudio v. State*, 332 Ga. App. 37, 47-49 (7) (771 SE2d 733) (2015) (finding that attempted murder merges into aggravated battery because attempted murder requires a less serious injury to the person than does aggravated battery). Accord *Hernandez v. State*, 317 Ga. App. 845, 851-852 (3) (733 SE2d 30) (2012) (comparing OCGA §§ 16-4-1, 16-5-1, and 16-5-24 (a)). See also OCGA § 16-5-24 (b), (g) (maximum sentence for aggravated battery is 20 years). After the entry of a written sentence or written order noting the appropriate merger, as outlined above, the case may be transmitted to this Court for re-docketing, as the notice of appeal will have ripened. *Bass*, supra.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __09/04/2018__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.